(54 App. Div. 59.)

PRICE v. PESTKA.

(Supreme Court, Appellate Division, Second Department.    October 5, 1900.)

1. CONVEYANCES TO HUSBAND AND WIFE—RIGHTS OF SURVIVING WIFE.
    Since Laws 1896, c. 547, art. 2, § 56, providing that every estate granted to two or more persons in their own right shall be a tenancy in common, unless declared to be in joint tenancy, does not apply to conveyances to husband and wife, the surviving wife, having the entire estate in realty conveyed to herself and husband, may convey it without reference to the husband's heirs at law.

2. SAME.
    Where a grantor conveys realty to two husbands and their wives, the grant is of an undivided one-half of the estate to each of the two parties; the husband and wife being in law one person.

Bill by Rosa Price against Solomon Pestka for specific performance of contract to convey realty.    Submitted on agreed statement of facts. Decree for complainant.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

E. J. Ludvigh and G. Ludvigh, for plaintiff.
William Klingenstein, for defendant.

WOODWARD, J.    The plaintiff entered into a contract to convey an undivided one-half interest in certain real estate, known as "53 Cook Street," borough of Brooklyn, to the defendant.    The latter refuses to accept title and to complete the purchase.    The property in controversy was heretofore conveyed by deed from one Henry Roth, in which the grantees are described as follows:    "Henry Roth, of the city of Brooklyn, county of Kings, and state of New York, and Rosa Roth, his wife, grantors, and Solomon Pestka and Jennie Pestka, his wife, and Morris Price and Rosa Price, his wife, of the city, county, and state of New York, as tenants by the entirety, grantees."    Morris Price is dead, his widow offers the defendant her deed as survivor, and the latter refuses to accept the same, on the ground that upon the death of Morris Price his interest in the estate descended to his heirs at law, subject to the dower of his widow.    It is conceded that the heirs at law of Mr. Price did not join in the deed, and the defendant relies upon section 56, art. 2, c. 547, Laws 1896, to support his contention.    This section provides that "every estate granted or devised to two or more persons in their own right, shall be a tenancy in common, unless expressly declared to be in joint tenancy."    This is merely a re-enactment of a clause of the Revised Statutes (3 Rev. St. [7th Ed.] p. 2179); and it was held in Bertles v. Nunan, 92 N. Y. 152, 157, that the common-law rule as to the effect of a conveyance to a husband and wife continued in force, notwithstanding the Revised Statutes, and that when land was conveyed to husband and wife they did not take as tenants in common, or as joint tenants, but each became seised of the entirety per tout et non per my, and upon the death of either the whole survived to the other.    The survivor took the estate, not by right of survivorship simply, but by virtue of the grant which vested the entire estate in each grantee.    This is still

the rule in this state, and the plaintiff has all of the rights in the estate which was conveyed by the grantor to herself and husband, without any reference to the heirs at law of her husband.

While the extent of the interest of the plaintiff, assuming her to be the owner, does not appear to be in controversy, it may be said that the rule is stated in Barber v. Harris, 15 Wend. 615, that, "if a grant is made to husband and wife and a third person, the husband and wife have one moiety and the third person the other. So, if the grant be to the husband and wife and two others, the husband and wife take one-third only." In the case at bar the grant was to plaintiff's husband and wife, and to Solomon Pestka and wife; and, as the husband and wife are in law one person, the grant was of an undivided one-half of the estate to each of the two parties. Judgment should enter decreeing that the plaintiff has a good title to an undivided one-half interest in the premises described, that she have full right to convey the same, and for a specific performance of the contract.

Judgment directed for the plaintiff on agreed statement of facts, without costs. All concur.