ANNIE PLATT

*v.*

JOHN WILLIAM PLATT et al.

[Decided January 23d, 1922.]

1. Where real property is conveyed to J. W. P. and E. P., his wife, and B. W. P. and A. P., his wife, without words defining or limiting the estate of the grantees, J. W. P. and his wife are seized as tenants by the entirety of an undivided one-half thereof which they hold as tenants in common with B. W. P. and his wife, who are seized as tenants by the entirety of the other undivided one-half.

2. When title to real property is held, as above stated, either wife may maintain a suit against her husband and the other husband and wife, for partition of the shares held in common and in case the property is incapable of actual partition, a sale will be decreed and the proceeds paid into court and divided into two shares. Each share will be invested for the benefit of the husband and wife entitled thereto, during their joint lives and upon the death of one of them, the principal of such share will be paid to the survivor.

3. As between husband and wife who are seized of real property as tenants by the entirety there can be no partition.

---

On bill, &c.

*Mr. Pearce R. Franklin,* for the complainant.

*Messrs. Payne & McCall,* for the defendants.

FIELDER, V. C.

The land and premises sought to be partitioned consist of a two-family house erected on a lot twenty-five feet wide in front and rear by one hundred feet deep. The deed under which the parties have title is dated June 13th, 1919, and conveys in fee to John W. Platt and Ellen Platt, his wife, and Bertram W. Platt and Annie Platt, his wife. John W. Platt and his wife are therefore tenants by the entirety of an undivided one-half of the land and premises which they hold as tenants in common with Bertram W. Platt and his wife, who are also tenants by the entirety of their undivided half.

John W. and Ellen Platt are the parents of Bertram W. Platt, and in purchasing the property it was the intention of all parties to acquire a home in which all should reside, and after taking title the senior Platts occupied the upper floor of the house and the junior Platts the lower floor. Of the purchase price of $4,-500 the parties had $1,000 in hand and they raised the balance by borrowing $3,500 from a building and loan association. and to secure the repayment of that sum, all joined in a bond and executed a mortgage covering the premises. John W. Platt and his wife claim that Bertram W. Platt and his wife agreed to contribute one-half of the $1,000 paid toward the purchase price. and that in fact they paid nothing, and, therefore, have no interest in the premises as owners. I cannot allow this claim. first, because the evidence does not satisfy me that the sum of $1,000 was not paid equally by the parties, and second, because at the time of the purchase the relations between the parties were harmonious, and the evidence, including the deed. indicates that it was the intention of John W. Platt and his wife that the title should vest in Bertram W. Platt and his wife equally with them, even if the purchasers did not contribute equally to the purchase price. It was also agreed between the parties that each Platt family should contribute in equal parts all money required to pay the monthly installments of principal and interest on the

mortgage and for taxes, insurance, repairs and like charges against the property, and for a time this agreement was kept, but marital difficulties arose between Bertram W. Platt and his wife, and in January, 1921, she separated from him, and shortly afterward he moved from the lower floor of the house. John W. Platt and his wife still occupy the upper floor and they have leased the lower floor and are receiving the rent therefrom. They claim to have kept up all the payments on the building and loan mortgage and to have paid the whole of certain taxes and other charges against the property.

Annie Platt, the wife of Bertram W. Platt, filed her bill August 15th, 1921, against John W. Platt and his wife and Bertram W. Platt, praying for a partition of the premises and that an account be taken of the payments made by all parties for charges against the property since the date of the deed and for rent received by John W. Platt and his wife, and also praying that they be charged with the rental value of the floor occupied by them and that the balance found due upon the accounting be charged against the share held in common liable therefor. The defendants contend that because they do not consent to a partition or sale, and because the complainant is not entitled to immediate possession in severalty of her interest, she is not entitled to have a partition and they deny her right to have an accounting.

Referring to our act concerning partition (*Comp. Stat. p. 3897*), I find that under sections 1, 26 and 44 partition may be had in this court of land held by coparceners, joint tenants or tenants in common, notwithstanding that the share held by any coparcener, joint tenant or tenant in common may be for a less estate than a fee, or may be limited over after an estate for life, and that such partition shall bind all tenants of such share in remainder or expectancy. I might note here that this court has inherent power to decree partition independent of the statute. Under sections 16, 22, 44 and 45, if an actual partition cannot be made, the land may be ordered sold and the net proceeds divided among the owners in proportion to their respective rights. The defendants base their opposition to partition upon section 27 of the act, it being their contention that their consent to the parti-

tion is required. That section provides that where an estate in remainder or reversion is owned by several persons as joint tenants or tenants in common, one or all of whom desire partition, the consent of the particular tenant must be obtained before partition can be had. That is not the situation here, for I am dealing now only with the two undivided shares, each of which is owned in fee by two persons, and as between these two shares there is no remainder or reversion and no particular estate, such as an estate for life or less. The situation as between the husband and wife, owners of each share, presents another question which will be considered later. Usually, undivided shares owned in common are held by separate individuals, but here each undivided share is vested in two persons who are, as between themselves, tenants by the entirety of their share. If the premises sought to be partitioned consisted of two vacant plots of land of equal value, could it be argued that it would not be proper to decree an actual partition and allot one plot to John W. Platt and his wife to hold as tenants by the entirety and the other plot to Bertram W. Platt and complainant to hold by a like tenancy? Does the fact that the premises in question are incapable of actual division, and the further fact that complainant's husband opposes a partition, present a barrier against ordering a sale under the statute? I do not think it can be doubted that, under a bill filed by complainant and her husband as the owners of a share in common, partition could be had, or a sale ordered, as against the two persons who own the other share, and it seems to me clear that complainant, as the owner of an interest, which might ultimately be a fee and certainly is an estate for her life in an undivided share is entitled to have that share, or the proceeds of a sale thereof, set apart from the other share, for the benefit of her husband and herself, so that her estate in the share owned by her husband and herself may no longer be subject to the rights of the owners of the other share. An actual partition being impossible, I shall order a sale of the premises, the net proceeds of which will be divided into two parts, one of which will belong to John W. Platt and his wife and the other to complainant and her husband.

It must now be determined what division or disposition should be made of these two parts. The seizin of each husband and wife in the undivided share which they respectively own in the land, is that of a tenancy in common for their joint lives, with remainder in fee to the survivor. Neither husband nor wife holds the estate by moieties, but both are seized of an entirety, and neither can dispose of the fee without the consent of the other. During their joint lives they have equal rights to the usufruct of the property. It therefore follows that partition cannot be had between husband and wife of an estate held by the entirety and the Partition act omits mention of such an estate. When the character of the property is changed by sale in partition from land to money, the court cannot order a division of the money between John W. Platt and his wife and between Bertram W. Platt and his wife, but the same will be held under the control of the court to await the death of the husband or wife, and when the question of survivorship is determined, the principal will be ordered paid to the survivor. In the meantime, each share in the net proceeds of sale will be invested under the direction of the court, and the interest arising on the investment of each share will be paid equally to the husband and wife during their joint lives. This is the course provided by sections 45, 47 and 48 of the Partition act. Of course, after the property is sold and the net proceeds of sale ascertained, the share of each husband and wife may be paid to them, if they desire it, upon their joint receipt or release, and they may make such division or disposition of their share as may be agreeable to them.

An account between the parties will be ordered for the purpose of ascertaining what each set of tenants in common is chargeable with and what each has properly paid out for charges against the property and for its maintenance, which account shall be taken from the date of their deed, and John W. Platt and his wife will be charged with the rental value of the floor occupied by them from and including February, 1921, as well as for all rent received by them from the other floor. By *Comp. Stat. p. 8 § 3,* a tenant in common out of possession may have an action of account against his co-tenants for receiving more than their share of the profits from the property jointly owned, where the tenant

out of possession is excluded by the others and an exclusion may occur where there is no express refusal by the tenants in possession to allow the co-tenant to occupy, as, for instance, if possession of the whole has been taken by one of the co-tenants and used by him as his own, or for his exclusive profit. Whatever balance is found upon the accounting to be due from one set of co-tenants to the other set, should be charged against and deducted from the share of the proceeds of sale of the co-tenant liable therefor.

It appears by the bill of complaint and the proofs that besides the building and loan mortgage, which was executed by all the parties, the defendants gave another mortgage for $600, which covers only their interest in the property, because complainant did not join therein. The bill prays that the mortgages be paid and that the amount of each mortgage be charged against the share of the persons liable on them, by which, I assume, complainant to mean that a sale be ordered free of the mortgage liens. The mortgagees are not parties to this suit, but, under section 58 of the Partition act, a sale may be ordered free from mortgage liens and the proceeds of sale brought into court, and, under section 59, application may be made for the satisfaction of the mortgages out of the proceeds. To offer the property subject to the lien of the second mortgage on the estate thereby encumbered, would seriously affect the sale of the property, and, therefore, I shall direct that the sale be made free of the lien of that mortgage and that the rights of the mortgagee be determined when the proceeds of sale are in court. I am not satisfied that a sale free from the lien of the first mortgage will be for the best interests of the parties. It may be that the property will bring a better price if sold subject to that mortgage, because a purchaser would not be required to produce so much cash. This question was not discussed in the argument of counsel, and on this point they may agree, and if not, I would like their views when the form of the decree is before me for settlement.