DAVID H. FULTON, administrator, vs. DIMITRI KATSOWNEY & another.

Middlesex. March 7, 1961. — May 1, 1961.

Present: WILKINS, C.J., WILLIAMS, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

Deed, Construction. Real Property, Tenancy in common, Joint tenancy. Joint Tenants. Tenants in Common.

A deed conveying land "to . . . [M], being unmarried, and . . . [DK] and . . . [EK], his wife, as joint tenants and not as tenants in common," in view of G. L. c. 184, § 7, gave M an undivided one-half interest to be held by him in common with DK and EK as owners of the other one-half interest.

PETITION, filed in the Probate Court for the county of Middlesex on October 3, 1957.

The case was heard by Leggat, J.

Francis D. Pizzella, (Phillip A. Nasson with him,) for the respondent Dimitri Katsowney.

David H. Fulton, administrator, pro se, submitted a brief.

WILLIAMS, J. This is a petition by the administrator of the estate of James Charles Millona, also called James Charles Miller, late of Somerville, for license to sell the real estate of the intestate in order to pay his debts and the charges of administration. G. L. c. 202, §§ 1, 7. Dimitri Katsowney and his wife, Elfena Katsowney, were cited as respondents. After a hearing at which the only evidence was a deed of the real estate in question to the petitioner's intestate and the respondents, the judge entered a decree authorizing a sale at public auction of the interest of the intestate in this real estate. From this decree the respondent Dimitri Katsowney and a guardian ad litem who had been appointed for Elfena appealed.

The question for decision is the nature and extent of the title conveyed to the intestate by this deed. It was dated

and recorded on October 1, 1953, and so far as material read as follows: "We, Guy J. Gianino and Marie A. Gianino, husband and wife as tenants by the entirety . . . for consideration paid, grant to James C. Miller, being unmarried, and Dimitri Katsowney and Elfena Katsowney, his wife, as joint tenants and not as tenants in common" the land and buildings at 35 Tennyson Street, Somerville. The judge found that the deceased, at the time of his death, "was a tenant in common with the . . . [respondents] and had an undivided one-half interest in said property."

The appellants do not dispute that the grant to the Katsowneys as joint tenants and not as tenants in common conveyed a tenancy by the entirety. *Jurewicz* v. *Jurewicz,* 317 Mass. 512, 514. The point at issue is whether Miller, the cograntee, became a joint tenant or a tenant in common. In an early case, *Shaw* v. *Hearsey,* 5 Mass. 521, 523, it was said that "if an estate be conveyed expressly in joint tenancy to a husband and wife and to a stranger, the latter shall take one moiety, and the husband and wife, as one person, shall take the other moiety." See *Licker* v. *Gluskin,* 265 Mass. 403, 404–405.

When the deed was given, G. L. c. 184, § 7, provided: "A conveyance or devise of land to two or more persons or to husband and wife, except a mortgage or a devise or conveyance in trust, shall create an estate in common and not in joint tenancy, unless it is expressed in such conveyance or devise that the grantees or devisees shall take jointly, or as joint tenants, or in joint tenancy, or to them and the survivor of them, or unless it manifestly appears from the tenor of the instrument that it was intended to create an estate in joint tenancy."

The statute expressed "the public policy of the Commonwealth that joint tenancies are looked upon with disfavor." *Pineo* v. *White,* 320 Mass. 487, 490. Its purpose "was to change the rules of construction of the language used in conveyances and devises of real estate. And the change was to be in the presumption arising out of such language. Whereas at common law the presumption (in the absence

of an expression of a contrary intent) was that a joint tenancy was created, under the statute the presumption (in the absence of an expression of a contrary intent) was that a tenancy in common was created." *Hoag* v. *Hoag,* 213 Mass. 50, 52. *Cross* v. *Cross,* 324 Mass. 186, 188.

The deed is ambiguous as to the estate granted to Miller. As a matter of syntax, the words "as joint tenants and not as tenants in common" are applicable to all three grantees or only to Dimitri and Elfena Katsowney. In determining the intent of the grantors we are not assisted by evidence of the circumstances or the mutual relation of the grantees. Certainly it does not "manifestly appear . . . from the tenor of the instrument" that it was intended to extend the estate of joint tenancy in the Katsowneys to include Miller. In such case we are compelled to rely on the statutory presumption to resolve the problem of construction. It leads us to conclude that the deed conveyed a one-half interest in the property to Miller to be held as tenant in common with the respondents.

*Decree affirmed.*