HARRY FEKKES & others *vs.* HAROLD B. HUGHES.

Barnstable.    April 4, 1968. — May 8, 1968.

Present: WILKINS, C.J., WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Real Property*, Tenancy by the entirety, Joint tenancy, Partition. *Tenants by the Entirety. Joint Tenants.*

A deed of real estate to a "husband and wife, and" the wife's parents "husband and wife, all as joint tenants" created a joint tenancy among the four, and not two tenancies by the entirety. [304]

A decree ordering partition into four equal shares and sale of a parcel of fifty-eight acres owned by four persons as joint tenants, on which there was a dwelling house and which was subject to a mortgage, was within the discretion of a judge of the Probate Court, who found that the parcel could not be advantageously divided. [305]

PETITION for partition of land filed in the Probate Court for the county of Barnstable on September 21, 1966.

The case was heard by *Sullivan*, J.

*David B. Cole* for the respondent.

*Robert J. Donahue* for the petitioners.

WHITTEMORE, J.   Two married couples, the older the parents of the wife of the younger man, hold about fifty-eight acres of land with a dwelling house thereon in Sandwich, under a deed describing the owners and the tenancy as follows: "Harold B. Hughes and Dorothy Ann Hughes, husband and wife, and Harry Fekkes and Dorothy D. Fekkes, husband and wife, all as joint tenants."

After marital discord had developed between the Hughes (the younger couple), the Fekkes and Mrs. Hughes filed in the Probate Court a petition for partition of the property. The judge found that the estate could not be advantageously divided and decreed partition into four equal shares. He appointed a commissioner with authority to sell for not less than $35,000, ordered him to pay from the proceeds an outstanding mortgage (about $17,000 in amount) and to divide the net proceeds.   Hughes appealed.

The judge was right in ruling (as the decree for division necessarily does) that a joint tenancy was created and not, as Hughes contends, two tenancies by the entirety.   It is well established that a conveyance to husband and wife as joint tenants will create a tenancy by the entirety unless the contrary intent appears on the face of the instrument. *Maddams* v. *Maddams,* 352 Mass. 32.   But here the circumstance of the four grantees and the use of the word "all" expressed an intent that the joint tenancy should exist without qualification between all of the grantees and overcame any ambiguity that might otherwise have existed. Thus after the death of any one owner all of the survivors would own the entire interest in the property in equal shares. But if each couple held their joint interests by the entirety there would be two estates each primarily in the husband (*Bernatavicius* v. *Bernatavicius,* 259 Mass. 486, 487; *Pineo* v. *White,* 320 Mass. 487, 490) and, as to each estate, on the death of either spouse the surviving spouse would be the sole owner.

The issue did not arise in *Fulton* v. *Katsowney,* 342 Mass. 503.   There we held that a deed to X, being unmarried and to Y and Z, husband and wife, "as joint tenants and not

as tenants in common" created a half interest in the spouses by the entirety held in common with X. There was an ambiguity whether X was included in the phrase "as joint tenants," and in the absence of other guide it was resolved by the statutory presumption (G. L. c. 184, § 7) against joint tenancies. Hence in holding that Y and Z held by the entirety we dealt with a tenancy specified to be joint only as to them.

The record supports the decree for partition by sale. The case was submitted on statements of counsel and exhibits. Petitioners' counsel asserted that as there was a dwelling house on the land, and a mortgage, it was not suitable for actual division and that he had an expert "on tap" prepared so to testify. Counsel for the respondent said that "[i]t would be . . . [his] contention as a matter of law [that] the property consisting of 58 acres would be subject to be advantageously divided." He did not seek to offer evidence. At the close of the statements the judge said, "Is that everything?" and respondent's counsel answered, "I guess that is it." See *Brocklesby* v. *Newton*, 294 Mass. 41, 42–43.

The issue, in view of the single dwelling and the mortgage, was within the judge's discretion. *Ramsey* v. *Humphrey*, 162 Mass. 385, 386–387. *Clough* v. *Cromwell*, 250 Mass. 324, 330–332.

*Decree affirmed.*