**Marian L. KLAMBERG, Plaintiff-Respondent,**

v.

**Edward L. KLAMBERG, Defendant-Appellant.**

**No. 34145.**

Missouri Court of Appeals, St. Louis District.

Jan. 25, 1972.

Ziercher, Tzinberg, Human & Michenfelder, Robert C. Jones, Clayton, for defendant-appellant.

John J. Collins, Clayton, A. L. Tidlund, Kirkwood, for plaintiff-respondent.

DOERNER, Commissioner.

This is the second appeal in this case, which originated as a suit for partition. A more comprehensive statement of facts may be found in our first opinion, Klamberg v. Klamberg, Mo.App., 460 S.W.2d 740. For our present purpose it is sufficient to say that Mrs. Klamberg filed her petition in which she alleged that the land involved was owned by the parties as tenants in common, and that it could not be divided in kind. Her prayer was that the property be sold, and the proceeds divided equally. The defendant answered, pleaded that the land could be divided in kind, and also raised certain other matters, not here relevant, which arose from a property settlement made by the parties in anticipation of their divorce. Thus, as stated in our prior opinion, the prime issue contested in the suit for partition was whether the land should be divided in kind or sold.

After a trial was held the court entered an interlocutory decree in which it decreed that the land be divided in kind, and appointed three commissioners for that purpose. Subsequently the commissioners reported to him that the land could not be so divided. The court then amended its interlocutory decree by ordering that the land

be sold at public sale, and appointed a special commissioner for that purpose. It is a matter of record that before a sale was held the parties reached an agreement between them as to a division in kind, in about October 1969.

Mr. A. L. Tidlund represented plaintiff in the partition suit from the time of its inception until she terminated his employment, on October 6, 1969. The trial court first allowed Mr. Tidlund the sum of $3710 for his services as plaintiff's counsel in the suit, and defendant appealed. In our opinion disposing of that appeal we held that not all services rendered by a partition plaintiff's attorney were chargeable to the defendant, that in a contested case only such legal services as were rendered for the benefit of both parties were chargeable to both, and that those services rendered for the plaintiff's exclusive benefit should be paid for by the plaintiff alone. Because the sketchy record then before us did not enable us to make a proper and final determination of the amount allowable for such services we reversed and remanded the cause for a rehearing.

The rehearing was held on December 21, 1970. Mr. Tidlund did not testify at the rehearing and the only addition to the record since our first opinion was the introduction of his time records which Mr. Tidlund kept in connection with the case. The trial court filed a memorandum opinion, to which was attached as an exhibit a detailed itemization of those items of time which the court considered as allowable in accordance with our prior opinion, and allowed Mr. Tidlund the sum of $1552.50 as and for his attorney's fees. The defendant appealed, and contends here, as we understand his brief, that no allowance should have been made to Mr. Tidlund. Neither plaintiff nor Mr. Tidlund have favored us with a brief.

In Haley v. Horwitz, Mo.App., 290 S.W.2d 414, 418, we said that under the decisions, only such work as counsel would do in an ordinary non-contested case should be considered in fixing the fee to be allowed a partition plaintiff's lawyer, and affirmed that measure in determining the allowable fee in our prior opinion in this case. With that standard in mind we have carefully reviewed the time records introduced by Mr. Tidlund as well as the itemized exhibit attached to the court's memorandum. We have also taken into account a reasonable amount of time spent by Mr. Tidlund in dealing with a real estate broker in an effort to secure a purchaser of the property, which under the circumstances we consider were services rendered for the mutual benefit of both parties. As we understand the defendant's brief, he does not dispute that the hourly charge used by the court in determining the fee allowed was unreasonable. Using the same figure, and applying the standard mentioned, we are of the opinion that an allowance of $750.00 would adequately and fairly compensate Mr. Tidlund for his services in this case.

The judgment is reversed and the cause remanded with directions to enter a new judgment in conformity with the views herein expressed.

PER CURIAM:

The foregoing opinion by DOERNER, C., is adopted as the opinion of this Court.

Accordingly, judgment reversed and cause remanded with directions.

BRADY, P. J., DOWD, J., and LACKLAND H. BLOOM, Special Judge, concur.