Irma E. NELSON, Respondent,

v.

Dorothy A. HOTCHKISS, Appellant.

No. 61858.

Supreme Court of Missouri,
En Banc.

July 15, 1980.

David L. Young, Sullivan & Young, P. C., Kansas City, for appellant.

Morran D. Harris, Osceola, for respondent.

WELLIVER, Judge.

Appellant seeks review of an order partitioning interests in land, and assigns error in the fractional division of interests in the land and in the amount of the award of attorney's fees ordered by the trial court. The case was transferred after opinion from the Court of Appeals, Southern District, and we decide the case as though on original appeal. Mo. Const. art. V, § 10. Substantial portions of the opinion of the court of appeals are used without benefit of quotation marks. We reverse the judgment of the trial court as to the interests of the parties in the property and the net proceeds of the sale, and affirm the judgment of the trial court as to the award of attorney's fees. The case is remanded with directions to enter judgment that appellant receive three-fourths of the net proceeds of the partition sale and that respondent receive one-fourth of the net proceeds.

Appellant and respondent are sisters. By deed, dated March 25, 1969, they and their then husbands took title to the farm property in question. The deed described the grantees as "ROBERT A. NELSON and IRMA E. NELSON, husband and wife; and HERBERT H. HOTCHKISS and DORO-THY A. HOTCHKISS, husband and wife; all as joint tenants with right of survivorship in all four, and not as tenants in common." There was no evidence of the intentions of the parties concerning the estates acquired in 1969, or of the circumstances surrounding the preparation of the deed. On January 13, 1975, the marriage of the Nelsons was dissolved. The court approved, incorporated into its judgment, and ordered the Nelsons to perform the terms of, a separation agreement which the Nelsons filed as part of their joint petition for dissolution of marriage. That separation agreement recited "[t]hat at the time of the aforesaid separation, the parties hereto as husband and wife were the owners of a one-half (½) undivided interest in" the real estate which is the subject of this litigation. The separation agreement provided that the property: "shall remain the joint property of the parties hereto for a period of two (2) years," and granted respondent "the exclusive option of purchasing of Robert his interest in their joint and mutual one-half (½) undivided interest in said farm" for a fixed consideration. The Nelsons apparently intended that after the dissolution each of them would have an undivided one-fourth interest in the property. On December 20, 1976, Robert A. Nelson conveyed his interest in the property to appellant and her husband. On February 1, 1977, Herbert Hotchkiss died.

On August 18, 1977, respondent filed a petition seeking partition and sale of the property involved, and the distribution of

the net proceeds to the parties according to their respective interests. In a decree filed on November 28, 1977, the trial court ordered the property partitioned and sold with the net proceeds to be distributed as the court would subsequently direct. On January 27, 1978, the trial court entered an order which found that although the conveyance by Robert Nelson of the one-fourth interest was prior to the termination of Irma Nelson's two-year option provided in the separation agreement, the transfer was made with her consent and therefore was a valid conveyance. The court held that Robert Nelson's conveyance to the Hotchkisses terminated the joint tenancy as to that one-fourth interest in the property but that the remaining three-fourths interest "remained in joint tenancy with the other three original grantees." The court did not consider whether the language of the 1969 deed was sufficient to negate the creation of a tenancy by the entirety between each husband and wife. The court held that the respective interests of the parties were as follows: "Five-eighths interest is vested in Dorothy A. Hotchkiss and three-eighths interest is vested in Irma E. Nelson." The trial court denied appellant's motion for new trial on April 3, 1978, and appellant filed notice of appeal on April 5, 1978.

In an opinion filed November 14, 1979, the Court of Appeals, Southern District, held that the deed of March 25, 1969, created a tenancy by the entirety in each married couple and that "[e]ach entirety held as joint tenant with the other entirety." The court of appeals found that the language of the 1969 deed "all as joint tenants with right of survivorship in all four, and not as tenants in common," was not sufficient to negate the creation of a tenancy by the entirety in each of the couples. The court of appeals thus agreed with appellant's contention that when her husband died she continued to hold the one-half interest that she and her husband had owned as tenants by the entirety under the original 1969 deed. It was not disputed that the one-fourth interest acquired by appellant and her husband from Robert Nelson was held as tenants by the entirety. Consequently,

the court of appeals held that appellant had a three-fourths interest in the property and in the net proceeds of the sale and that respondent had a one-fourth interest.

Respondent's motion for rehearing or transfer to this court was overruled by the court of appeals on December 6, 1979. On December 19, 1979, respondent filed a motion for transfer in this Court, alleging that the case involved a question of general interest and importance, and that the decision of the court of appeals conflicts with our decision in *Davidson v. Eubanks*, 354 Mo. 301, 189 S.W.2d 295, 161 A.L.R. 450 (1945). On January 15, 1980, we ordered the case transferred to this Court.

I

■ In Missouri, as at common law, a conveyance to a husband and wife as joint grantees ordinarily creates a tenancy by the entirety. *Armack's Estate v. State*, 561 S.W.2d 109, 111 (Mo. banc 1978); *Davidson v. Eubanks*, 354 Mo. 301, 189 S.W.2d 295, 297, 161 A.L.R. 450, 453 (1945). In *Hall v. Stephens*, 65 Mo. 670 (1877), the common law principles governing conveyances to a husband and wife were explained as follows:

Husband and wife, at common law, to whom a grant or devise was made took *per tout et non per. my,* and the survivor took the whole. 1 Bright Husb. and Wife, 25, and cases cited. This peculiar result arose from the legal identity of husband and wife, both being regarded as one person. . . .

And when husband and wife are co-grantees or co-devisees with a third person, the last named takes one moiety and the husband and wife the other. 1 Bright H. & W. 27; Litt. § 291. If there are two other persons co-grantees or co-devisees, besides husband and wife, then the subject matter of the grant or devise is vested one-third in the husband and wife, and the remaining two-thirds in the other persons in equal proportions, and so on, in accordance with the number of persons entitled; the husband and wife always representing a single unit or integer of

legal identity. In the case before us, as there were six children at the death of the testator, the husband and wife became together seized of one-seventh of the land devised. *Barber v. Harris*, 15 Wend. 615 [1836].

65 Mo. at 676–77. *See Merrill Lynch, Pierce, Fenner and Smith, Inc. v. Shackelford*, 591 S.W.2d 210, 213 (Mo.App.1979).

The rule is well established that when a husband and wife take title to real property jointly with a third person the husband and wife take one share in a tenancy by the entirety and the third person holds the other share as a tenant in common or joint tenant with the married couple, unless a clear expression of intent not to create a tenancy by the entirety is shown.[1] *Dennis v. Dennis*, 152 Ark. 187, 238 S.W. 15, 17 (1922); *Daniel v. Wright*, 352 F.Supp. 1, 4 (D.D.C.1972); *Winchester v. Wells*, 265 F.2d 405, 407 (5th Cir. 1959); *West Chicago Park Commissioners v. Coleman*, 108 Ill. 591, 598 (1884); *Hulett v. Inlow*, 57 Ind. 412, 414 (1887); *Anderson v. Tannehill*, 42 Ind. 141, 147 (1873); *Kolker v. Gorn*, 193 Md. 391, 67 A.2d 258, 261 (1949); *Fekkes v. Hughes*, 354 Mass. 303, 237 N.E.2d 19, 20 (1968); *Fulton v. Katsowney*, 342 Mass. 503, 174 N.E.2d 366, 367 (1961); *Fullagar v. Stockdale*, 138 Mich. 363, 101 N.W. 576, 578 (1904); *Hall v. Stephens*, 65 Mo. 670, 676–77 (1877); *Mosser v. Dolsay*, 132 N.J.Eq. 121, 27 A.2d 155, 157 (1942); *Platt v. Platt*, 93 N.J.Eq. 395, 116 A. 326, 326 (1922); *Kurpiel v. Kurpiel*, 50 Misc.2d 604, 271 N.Y.S.2d 114, 116 (1966); *In re Buttonow*, 49 Misc.2d 445, 267 N.Y.S.2d 740, 743 (1966); *Bartholomew v. Marshall*, 257 App.Div. 1060, 13 N.Y.S.2d 568, 569 (1939); *Price v. Pestka*, 54 App.Div. 59, 66 N.Y.S. 297, 298 (1900); *Barber v. Harris*, 15 Wend. 615, 617 (1836); *Hampton v. Wheeler*, 99 N.C. 222, 6 S.E. 236, 238 (1888); *Adamson v. Adamson*, 273 Or. 382, 541 P.2d 460, 466 (banc 1975); *Margarite v.*

*Ewald*, 381 A.2d 480, 482 (Pa.Super.1977); *Wally v. Lehr*, 2 Pa.D. & C.2d 722, 724–25 (1954); *Nixdorf v. Busser*, 62 Pa.D. & C. 567, 569 (1948); *Heatter v. Lucas*, 367 Pa. 296, 80 A.2d 749, 751–52 (1951); *Johnson v. Hart*, 6 Watts & Serg. 319, 322 (1843). The rule has been applied to construe a deed to two married couples as creating two tenancies by the entirety. *Dennis v. Dennis*, 152 Ark. 187, 238 S.W. 15, 17 (1922); *Platt v. Platt*, 93 N.J.Eq. 395, 116 A. 326, 326 (1922); *Price v. Pestka*, 54 App.Div. 59, 66 N.Y.S. 297, 298 (1900). However, the presumption that a tenancy by the entirety is created and takes an undivided one-half interest under a deed to a married couple and a third party has been found to be overcome by a clear expression of intent not to create such a tenancy. *Kolker v. Gorn*, 193 Md. 391, 67 A.2d 258, 261 (1949); *Kurpiel v. Kurpiel*, 50 Misc.2d 604, 271 N.Y.S.2d 114, 116 (1966). Similarly, the presumption that two tenancies by the entirety are created by a deed to two married couples has been found to be overcome by a clear expression of intent to create a joint tenancy among the grantees. *Fekkes v. Hughes*, 354 Mass. 303, 237 N.E.2d 19, 20 (1968).

The rule that a husband and wife take as tenants by the entirety is now regarded as a rebuttable presumption. In *Davidson v. Eubanks*, 354 Mo. 301, 189 S.W.2d 295, 299–300, 161 A.L.R. 450, 456, the Court stated:

[U]nder the statute [§ 442.450, RSMo 1978] a grant to two or more persons (other than executors and trustees and husband and wife) creates a tenancy in common unless expressly declared to be a joint tenancy; and in our case, we have seen, a grant to husband and wife creates an estate by the entirety, unless the instrument clearly expresses that a tenancy in common (or a joint tenancy) is intend-

---

1. The commentaries seem in unanimous agreement that under a grant of a joint estate to a husband and wife and a third person, the married couple takes one share and the third person the other, in the same manner as if the husband and wife were one person. 2 Blackstone, Commentaries * 182, p. 649 n. 20 (Lewis ed. 1900); 1 Gill, The Missouri Law of Titles to

Real Property § 568, p. 388, (4th ed. 1960); 4 Kent, Commentaries * 363, p. 415 (14th ed. 1896); 4A Powell, Real Property ¶ 622, p. 688 (1979); 4 Thompson, Real Property § 1784, pp. 58–59 (1961 Replacement); 2 Tiffany, Law of Real Property § 431, pp. 222–23 (Jones 3d ed. 1939); 1 Washburn, Law of Real Property 444 (2d ed. 1864).

ed. Otherwise stated, it could be said, two or more persons (strangers with respect to the offices or relationships excepted in the statute), to whom an estate is granted as joint grantees, are prima facie tenants in common; and a husband and wife, to whom an estate is granted as joint grantees, are prima facie tenants by the entireties.

354 Mo. at 310, 189 S.W.2d at 299–300, 161 A.L.R. at 456.

It is not disputed that a conveyance of real property to a husband and wife is presumed to create a tenancy by the entireties. The question on this appeal is whether the common law presumption is overcome by the specific language in the deed of March 25, 1969, granting the property to "Robert A. Nelson and Irma E. Nelson, husband and wife; and Herbert H. Hotchkiss and Dorothy A. Hotchkiss, husband and wife; all as joint tenants with right of survivorship in all four, and not as tenants in common."

In this case, the judgment must be reversed unless the quoted language "clearly expresses" the intention to create a four-way joint tenancy and not to create two tenancies by the entirety, each holding as joint tenants with the other. It has been suggested that, in order to convey property to a husband and wife as tenants in common, it would be appropriate to use the words "as tenants in common, and not as tenants by the entirety and not a joint tenants." Eckhardt and Peterson, Possessory Estates, Future Interests and Conveyances in Missouri, 23 V.A.M.S. § 40, p. 38 (1952). "It would seem that a husband and wife could be joint tenants, if appropriate words are used to negative both tenancy in common and tenancy by the entirety." *Id.*

In *Wilson v. Frost*, 186 Mo. 311, 85 S.W. 375 (1905), the Court discussed the common law of tenancies by the entirety, and concluded that "a deed in such form as by the common law would create a joint tenancy in two grantees would in the same form create an estate of entirety in husband and wife, who were one person." 186 Mo. at 319, 85 S.W. at 377. *Cf. Collum v. Rice*, 236 Mo. App. 1113, 162 S.W.2d 342 (1942).

In *Milligan v. Bing*, 341 Mo. 648, 108 S.W.2d 108 (1937), title to real property was taken in the name of "Fred E. Bing and Daisy Bing, husband and wife, jointly." The Court held that "[u]pon its face, the deed created an estate by the entirety." 341 Mo. at 649, 108 S.W.2d at 109, and held that the parties challenging the deed had failed to bear the burden of proving a contrary intention by "clear, cogent, and convincing evidence." 341 Mo. at 654, 108 S.W.2d at 112.

■ The "express identification of the marital entity in the deed" supports the inference that the parties considered and gave significance to the marital status of the grantees, *Margarite v. Ewald*, 252 Pa. Super. 244, 381 A.2d 480, 482 (1977), just as the failure to designate married grantees as husband and wife, in a conveyance to three parties, may lead to an inference that the parties did not intend to create a tenancy by the entireties, *Heatter v. Lucas*, 367 Pa. 296, 80 A.2d 749, 752 (1951).

■ It is clear that the words "all as joint tenants with right of survivorship in all four, and not as tenants in common," is sufficient to dispel the statutory presumption that a conveyance to more than one person creates a tenancy in common "unless expressly declared, in such grant or devise, to be in joint tenancy," § 442.450, RSMo 1978. The intention to avoid a tenancy in common is expressed "in positive and unmistakable terms." *McClendon v. Johnson*, 337 S.W.2d 77, 81–82 (Mo.1960); *Walker v. Deppe*, 346 Mo. 354, 141 S.W.2d 783, 784–85 (1940). We conclude that this language does not also dispel the presumption that the March 25, 1969, deed created two tenancies by the entirety.

■ The provision in the March 25, 1969, deed that the grantees take "all as joint tenants with right of survivorship in all four and not as tenants in common" is not inconsistent with the creation of two tenancies by the entirety, each holding an undivided one-half interest in joint tenancy with the other tenancy by the entirety.

Although the surviving spouse in an estate by the entirety becomes the sole owner of the property on the death of the other spouse, he or she does not do so by survivorship as would be the case in a joint tenancy. "In an estate of the entirety the husband and the wife during their joint lives each owns, not a part, or a separate or a separable interest, but the whole, and therefore the death of one leaves the other still holding the whole title as before, with no one to share it." *Wilson v. Frost*, 186 Mo. 311, 85 S.W. 375, 377 (1905). *See Schwind v. O'Halloran*, 346 Mo. 486, 142 S.W.2d 55, 58 (1940); *Baker v. Lamar*, 140 S.W.2d 31, 35 (Mo.1940). Nevertheless, where two tenancies by the entirety hold property as joint tenants, each married couple as a unit, or the survivor within each married couple, does have a right of survivorship in the interest held by the other married couple. We believe this construction gives meaning to the joint tenancy provisions of the March 25, 1969, deed while giving effect to the presumption that a conveyance to husband and wife creates a tenancy by the entirety.

 By our construction, the deed of March 25, 1969, created a one-half undivided interest in each married couple as tenants by the entirety, and under that deed each entirety held as joint tenants with the other entirety. We believe that this construction reflects the probable intention of the parties at the time the property was acquired. Where two married couples take a joint interest in property, each person ordinarily would expect upon the death of his or her spouse to retain all the property interest held jointly with the deceased spouse, without any part of that interest going to the other couple. In *Daniel v. Wright*, 352 F.Supp. 1 (D.D.C.1972), the court construed a 1939 deed conveying land to "Jefferson E. Liner and Pauline E. Liner, his wife, and Herbert L. Wright and Mattie G. Wright, his wife . . . as joint tenants" as creating two tenancies by the entirety each consisting of an undivided one-half interest which was held jointly with the entirety. The court explained:

A common sense analysis suggests that in 1939 the two families intended to own the property in two equal shares. There is no evidence to the contrary and this is the most likely interpretation of their joint purchase. It is unlikely that the parties intended for the death of one member of a family to change that family's interest in the property. Rather, the most reasonable assumption is that when Jefferson Liner died in 1942, Pauline Liner believed that she still owned her family's one-half interest in the property. 352 F.Supp. at 5. In the instant case, the parties probably intended that the undivided one-half interest held by one couple would go to the other married couple only when both members of the first couple had died. It is unlikely that Herbert H. Hotchkiss or the other grantees contemplated, at the time the property was acquired, that upon his death his sister-in-law would receive the same interest from him as his wife would receive. It is unlikely that Mr. Hotchkiss intended, should he have died before the Nelsons' divorce and Mr. Nelson's conveyance of property to the Hotchkisses, that only one-third of his interest would go to his spouse upon his death. Before we could hold that the parties contemplated that their interest would go to others before their spouse's death, we would require clearer language.

 There is no evidence outside of the deed as to what interests the parties may have thought they were creating. Nor is there any indication that they sought or received any legal advice in the preparation of the March 25, 1969, deed. There is no evidence that the language used failed to reflect the intention of all the parties involved. *See McVey v. Phillips*, 259 S.W. 1065 (Mo.1924). The presumption that a conveyance to husband and wife creates an estate by the entirety may be overcome only by a clear and express declaration. Where our only evidence of the intention of the parties is the words on the face of the deed, we conclude that it is necessary to use the limiting phrase "and not as tenants by the entirety" in order to negate the presumption. Where the words as here, are

susceptible of more than one interpretation, to hold otherwise would be to nullify the presumption.

From the finding that the 1969 deed created two tenancies by the entirety, with each couple holding an undivided one-half interest as joint tenants with the other couple, the fractional interests now held by appellant and respondent are easily determined. The property settlement agreement between the Nelsons and their subsequent divorce severed the tenancy by the entirety between them by destroying the unity of person. *Allen v. Allen*, 364 S.W.2d 578, 582 (Mo.1963). The divorce also severed the joint tenancy between the couples by destroying the unity of interest, leaving Irma Nelson, Robert Nelson and the Hotchkisses as tenants in common. *See Jenkins v. Meyer*, 380 S.W.2d 315, 320 (Mo.1964). Mr. Nelson's conveyance of his interest to the Hotchkisses created in them a new tenancy by the entirety in the one-fourth interest. Thus, the Hotchkisses held an undivided three-fourths interest in the property as tenants by the entirety and Mrs. Nelson held an undivided one-fourth interest as a tenant in common with the Hotchkisses. Consequently upon the death of Mr. Hotchkiss, Mrs. Hotchkiss became the sole owner of their three-fourths interest, in virtue of the title taken under the March 25, 1969, and December 20, 1976, deeds.

## II

Appellant also contends that the trial court erred in awarding respondent's attorney a fee of $2,250. Appellant alleges that the fee was unreasonable and excessive, considering that the selling price of the property was only $25,000. Rule 96.51 provides that in a partition suit, the court "shall allow a reasonable fee to the attorney or attorneys bringing the suit" which "shall be taxed and paid as other costs in the case." *See* § 528.530, RSMo 1979. The attorney is entitled to a reasonable fee in light of the nature and extent of the services rendered, and the fee should not be calculated according to an arbitrary, fixed percentage of the value of the property involved. *Hunkler v. Wilke*, 444 S.W.2d 507, 509 (Mo.App.1969). It has been said that "only such work as counsel would do in an ordinary noncontested case should be considered in fixing the fee to be allowed a partition plaintiff's lawyer." *Klamberg v. Klamberg*, 476 S.W.2d 158, 159 (Mo.App. 1972); *Haley v. Horwitz*, 290 S.W.2d 414, 418 (Mo.App.1956). In an extraordinary case, however, this Court has considered work done by counsel because the partition defendant was unduly litigious. *Munday v. Thielecke*, 290 S.W.2d 88, 90–92 (Mo.1956).

In the absence of a contrary showing, the trial court is presumed to know "the character of the services rendered in duration, zeal, and ability. [The trial court] presumptively knew the value of them according to custom, place, and circumstance." *Munday*, 290 S.W.2d at 92; *Donaldson v. Allen*, 213 Mo. 293, 111 S.W. 1128, 1129 (1908). The trial court is considered to be an expert on the question of attorney fees; the court that "tries a case and is acquainted with all the issues involved may 'fix the amount of attorneys' fees without the aid of evidence.'" *Sebree v. Rosen*, 393 S.W.2d 590, 599 (Mo.1965); *Agnew v. Johnson*, 352 Mo. 222, 176 S.W.2d 489, 493–94 (1943). The setting of such a fee is in the sound discretion of the trial court and should not be reversed unless the amount awarded is arbitrarily arrived at or is so unreasonable as to indicate indifference and a lack of proper judicial consideration. *Brown v. Brown*, 495 S.W.2d 89, 92 (Mo.App.1973); *Haley v. Horwitz*, 290 S.W.2d 414, 418 (Mo.App.1956). "In the absence of evidence to the contrary it is presumed that the allowance for attorney fees was for compensable services . . . and that no allowance was made for non-compensable services." *Sebree*, 393 S.W.2d at 599–600. The burden was on appellant to affirmatively establish that the compensation allowed the respondent was a clear or manifest abuse of sound judicial discretion. *Sebree*, 393 S.W.2d at 599. *Accord, Brown*, 495 S.W.2d at 92. On the record before us, we cannot say that the trial court abused its discretion in fixing the fee for respondent's attorney.

The judgment of the trial court is affirmed as to the award of attorney's fees and reversed as to the interests of the parties in the property and the net proceeds of the sale. The case is remanded with directions to enter judgment that appellant receive three-fourths of the net proceeds of the partition sale and that respondent receive one-fourth of the net proceeds.

All concur.