## ESTATE OF Amanda KISTNER, Deceased; Eddie Kistner, Executor, et al., Appellants,

v.

## Thelma KISTNER, Respondent.

### Nos. 43031, 43032.

Missouri Court of Appeals, Eastern District, Division Three.

June 30, 1981.

---

Gerald H. Johnson, Cape Girardeau, for appellants.

Joseph J. Russell, Cape Girardeau, for respondent.

CLEMENS, Senior Judge.

The issue here arises from a deed to two married couples. Only one of the four is still alive. Did the deed create a joint estate of which respondent-grantee Thelma Kistner is now the sole survivor? Or, did the deed create an estate in common in which Amanda Kistner, now deceased, was a co-owner?

The trial court construed the deed. It ruled it created a joint estate. It decreed surviving grantee-respondent Thelma Kistner was the sole owner. We affirm.

The deed conveyed an undivided half to William and Amanda Kistner, husband and wife (both now deceased); also an undivided half to Rudolph Kistner (now deceased) and his wife Thelma Kistner (now the defendant).

Had the deed stopped there it would have created an estate in common. One undivided half would have been owned by William and Amanda Kistner; the other undivided half by Rudolph and Thelma Kistner.

But the deed did not stop there. The granting clause further declared: "the said William Kistner and Amanda Kistner, his wife, and the said Rudolph Kistner and Thelma Kistner, his wife, *to hold their respective one-half interests as joint tenants and not as tenants in common*". (Our emphasis.)

The trial court held that by those quoted words "the two couples held their interest as between each other as joint tenants, and not as tenants in common".

Plaintiff Amanda Kistner's estate now challenges the decree. It contends the deed created an estate in common between the two couples, not a joint estate between the four grantees.

Plaintiff relies on Sect. 442.450 RSMo. 1978. As relevant here it declares: "Every interest in real estate granted . . . to two or more persons . . . shall be a tenancy in common, *unless expressly declared . . . to be a joint tenancy.*" (Our emphasis.) The concluding words of the challenged deed did just that. The grantees were "to hold their respective half interests as joint tenants and not as tenants in common."

Plaintiff cites cases holding the intent to create a joint tenancy must be clearly expressed. He now suggests other clauses that could have better expressed a joint tenancy. Perhaps so. But we hold deed's quoted clause affirmed joint tenancy and refuted tenancy in common.

*Nelson v. Hotchkiss*, 601 S.W.2d 14 [5, 6] (Mo.banc 1980), quoted and followed *McClendon v. Johnson*, 337 S.W.2d 77 [1] (Mo.1960). There the deed read: "to have and to hold . . . as joint tenants, and not as tenants in common, with right of survivorship." The court ruled: "the intention to avoid a tenancy in common is expressed in positive and unmistakable terms". So it is here.

Affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.