GARY W. LYNCH, J.
*744 Randy W. Wedel, personal representative of the decedent's estate of Elizabeth P. Pageler ("the Pageler estate"), and David Wayne Wedel and Ronald Joe Wedel, heirs of the Pageler estate, (collectively "Appellants"), appeal the trial court's judgment declaring that the Pageler estate has no interest in certain property located in Winona ("the Winona property"). That judgment declared that following Pageler's death, Donny Elder, as her surviving spouse and surviving tenant by the entireties, became the sole owner of the Winona property, subject to the control of Charlotte Bourbon, the conservator of his conservatorship estate ("the Elder conservatorship").
In three points, Appellants claim that the trial court erred in: (1) "fail[ing] to draw the proper legal conclusions from the agreed facts by declaring the Pageler estate had no interest in the Winona property" in that the Premarital Agreement and subsequent Stipulation "declared each party was to own a one-half interest in the Winona property meaning tenancy in common[;]" (2) "fail[ing] to draw the proper legal conclusions from the agreed facts by declaring the Pageler estate had no interest in the Winona property" in that "the Elder [conservatorship] was conclusively precluded quasi-estoppel [sic] from denying the Pageler estate continued to own a one-half interest in the Winona tract in that the [Elder conservatorship], on five separate occasions, filed with the court an inventory listing that [conservatorship] as owning only a one-half interest consistent with the stipulation signed by its representative and accepted by the court[;]" and (3) "fail[ing] to draw the proper legal conclusions from the agreed facts by declaring the Pageler estate had no interest in the Winona property" in that "the [Elder conservatorship] was conclusively precluded by its judicial admission from denying the Pageler estate continued to own a one-half interest in the Winona tract in that the [Elder conservatorship], on five separate occasions, filed with the court an inventory listing that estate as owning only a one-half interest consistent with the stipulation signed by its representative and accepted by the court." Finding no merit in any of Appellants' three points, we affirm the trial court's judgment.
Factual and Procedural History
On August 24, 2002, Pageler and Elder entered into a Premarital Agreement, which set out their rights and interests of their current and future assets after their contemplated marriage. The Premarital Agreement provided, in part, that each of the parties shall have sole ownership and control over his or her separate property that was owned at the time of execution of the agreement or thereafter acquired.[1]
*745 Further, the Premarital Agreement stated "[n]othing in this Agreement shall preclude the parties from holding any property jointly or by the entireties. In the event of death such property will pass by law." Pageler and Elder married thereafter sometime in 2002.
On May 19, 2006, a General Warranty Deed was executed conveying the Winona property to "Don S. Elder and Elizabeth Pageler, his wife, as Grantees." On December 29, 2006, a Correction General Warranty Deed was executed by the previous owners of the Winona property correcting an erroneous legal description contained in the prior conveyance. This Correction General Warranty Deed was also made to "Don S. Elder and Elizabeth Pageler, his wife, as Grantees." These deeds are collectively referred to in this opinion as "the Deeds."
On February 6, 2013, the Probate Division of the Circuit Court of Shannon County, Missouri, found Elder to be incapacitated and disabled. The Shannon County Public Administrator was appointed as Elder's conservator. On April 29, 2013, a Stipulation ("the 2013 Stipulation") was filed that had been agreed to by Elder's guardian ad litem, Elder's conservator, Pageler's attorney, and Charlotte Bourbon's attorney.[2] The 2013 Stipulation addressed numerous issues including Elder's and Pageler's assets. It stated that the parties jointly held title to two tracts of real estate - a residence located in Eminence, Missouri ("the Eminence property"), which had been sold to Bourbon, Elder's daughter, subject to a promissory note and deed of trust; and the Winona property, the parties' marital residence. It also stated that the parties had two checking accounts held as tenants by the entirety. It further provided that "[w]ith regard to jointly titled marital asserts, the parties stipulate that the ward and his wife have each [sic] own a 50% one-half interest." A little over a month later, on March 12, 2013, Elder's conservator filed an amended inventory claiming a one-half interest in both the Eminence property and the Winona property.
Pageler died on March 3, 2017, and a few days later, Randy Wedel was appointed personal representative of her estate. On July 7, 2017, Elder's conservator filed in both estates a Motion for the Court to Adjudicate Ownership of the Real Property ("the Motion to Adjudicate Ownership") because the Pageler estate claimed an undetermined interest in both properties that had been held jointly by Elder and Pageler and because the Pageler estate filed a motion to take possession of both properties. The motion prayed, on behalf of the Elder conservatorship, "that the Court adjudicate the ownership interest in [the Eminence property and the Winona property.]" No party filed any response or suggestions in opposition to the motion.
The trial court, sitting simultaneously in both estates, held a hearing on the Motion to Adjudicate Ownership on September 11, 2017.[3] No witnesses were called or testified. Exhibits 1 through 9 were admitted into evidence by agreement of the parties. The case was submitted to the trial court solely on the nine exhibits admitted into evidence and argument of counsel. During *746 that argument, Appellants conceded that the Eminence Property was held by Elder and Pageler as tenants by the entireties and could not be claimed by the Pageler estate.[4] Appellants contended, however, that the Winona property was not held by Pageler and Elder as tenants by the entireties but rather, as tenants in common, and thus, a one-half undivided interest therein was owned by the Pageler estate. Following the hearing, the trial court found that "[Elder] is the owner of [the Winona property] in that the property was held by [Elder] and [Pageler] as tenants by the entirety, [Pageler] is deceased, and [Elder] is the surviving spouse."[5]
This appeal timely followed.
Discussion
At the outset, we must address the faulty premise expressed in Appellants' three points and their supporting arguments. All three points begin with and are based upon Appellants' premise that "The trial court erred when it failed to draw the proper legal conclusions from the agreed facts ...." (Emphasis added). The argument under each point asserts that "This case proceeded upon what may be considered a stipulated set of facts. " (Emphasis added). Based upon this expressed premise, Appellants assert that we review all issues de novo and grant the trial court no deference. Appellants' premise and asserted standard of review are incorrect.
This case was tried upon a stipulated record and was decided by the trial court upon the documentary evidence admitted into evidence at trial, not upon stipulated facts. Appellants' arguments in all three points demonstrate that the case was not tried or decided on stipulated facts. In their first point, Appellants contend that rather than a tenancy by the entireties, as found by the trial court,[6] the Deeds to the Winona property, which are silent as to the specific estate created, legally created a tenancy in common because Pageler and Elder intended to create a tenancy in common rather than a tenancy by the entireties.[7] Yet Appellants fail to direct us to any *747 place in the record on appeal where the parties stipulated to the fact that, when they accepted the Deeds, Pageler and Elder intended to create a tenancy in common. Indeed, Appellants could not, because this fact issue was vigorously contested by the parties during the trial. While all the evidence before the trial court relevant to this fact issue was documentary, it was contested, nevertheless, because all parties pointed out to the trial court internal inconsistencies in individual documents, as well as inconsistencies between the various documents. See White v. Dir. of Revenue , 321 S.W.3d 298, 308 (Mo. banc 2010) (a party can contest evidence by pointing out internal inconsistencies in the evidence).
Similarly, Appellants contend that the Elder conservatorship is estopped from denying (point 2) or has judicially admitted (point 3) that Pageler and Elder owned the Winona property as tenants in common because the signatories to the 2013 Stipulation, although not expressly so stating in the stipulation, intended to agree to treat the Winona property as being owned by Pageler and Elder as tenants in common.[8] Appellants, as in their first point, fail to direct us to any place in the record on appeal where the parties stipulated to the fact that the signatories to the 2013 Stipulation intended to agree to treat the Winona property as being owned by Pageler and Elder as tenants in common. The record supports that the signatory intent factual issue was vigorously contested at trial in the same manner as Pageler's and Elder's grantee intent in accepting the Deeds to the Winona Property.[9]
A stipulated record requires deference to the trial court simply because the trial court must decide the issues on the facts and inferences drawn therefrom.
*748 See Wei v. Dir. of Revenue , 335 S.W.3d 558, 561 (Mo. App. 2011) ("The lack of live testimony in this case does not transform it into an uncontested matter."). "When the facts relevant to an issue are contested, the reviewing court defers to the trial court's assessment of the evidence." White v. Dir. of Revenue , 321 S.W.3d 298, 308 (Mo. banc 2010). "When evidence is contested by disputing a fact in any manner, this Court defers to the trial court's determination of credibility." Id. The trial "court is in a better position to weigh the contested and conflicting evidence in the context of the whole case." Ivie v. Smith , 439 S.W.3d 189, 206 (Mo. banc 2014) (citing J.A.R. v. D.G.R. , 426 S.W.3d 624, 626 (Mo. banc 2014) ).
Here, accordingly, we will affirm the trial court's judgment unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. Murphy v. Carron , 536 S.W.2d 30, 32 (Mo. banc 1976). "This Court accepts as true the evidence and reasonable inferences therefrom in the light most favorable to the trial court's judgment, and disregards all evidence and inferences to the contrary." Landewee v. Landewee , 515 S.W.3d 691, 694 (Mo. banc 2017).
Based upon this standard of review, we can address all three of Appellants' points together because they lack merit for the same reason. None of Appellants' points challenge any factual proposition necessary to sustain the judgment. See Houston v. Crider , 317 S.W.3d 178, 186 (Mo. App. S.D. 2010) (describing analytical framework for not-supported-by-substantial-evidence and against-the-weight-of-the-evidence challenges). Rather, all three points contend the trial court misapplied the law ("failed to draw the proper legal conclusions").[10] All the points, however, are premised upon and constructed around factual inferences drawn by Appellants that Pageler and Elder intended to create a tenancy in common when they accepted the Deeds to the Winona property (Point 1) and that the 2013 Stipulation signatories intended to agree to treat the Winona property as a tenancy in common (Points 2 and 3).[11] Both factual inferences were implicitly rejected by the trial court, see Rule 73.01(c); note 5, supra , and are contrary to the trial court's judgment. Under our standard of review, we are required to disregard inferences contrary to the judgment. Landewee , 515 S.W.3d at 694. We defer to "the trial court's assessment of the evidence." White , 321 S.W.3d at 308.
Because Appellants' points and supporting arguments contending the trial court misapplied the law are premised upon and constructed around purported facts that we are required to disregard upon appellate review, they necessarily lack any meritorious analytical foundation, support or persuasiveness for our determination that *749 such claimed legal errors occurred.[12] All three of Appellants' points are denied, and the trial court's judgment is affirmed.
DON E. BURRELL, JR., P.J. - concurs
NANCY STEFFEN RAHMEYER, J. - concurs

The Premarital Agreement defined two terms:
(A) The term "Property" shall be defined in this Agreement as all property, rights or interest in property, real, personal or mixed, tangible or intangible, including any income, appreciation, accretion, proceeds, rights and benefits relating hereto.
(B) The term "Separate Property" shall be defined in this Agreement as "Property" in which only one of the parties has any ownership interest or rights, except such as would be created by the marriage but for this Agreement.

Charlotte Bourbon is Elder's daughter, who eventually became Elder's conservator and Respondent in this appeal.

The parties stipulated that adjudicating the ownership interest in the two properties was an "issue that the Court needs to decide in both estates so that we can move forward" and that any imperfections in the motion were waived "so that we can get to this issue and get it resolved."

Paragraph 4 of the 2013 Stipulation provided:
The parties stipulate the Eminence [property] sold to Charlotte Bourbon is in default. Rather than proceed with foreclosure, Ms. Bourbon agrees to execute a quit claim deed in lieu of foreclosure conveying said property to Elizabeth Pageler and the ward Donny Elder with their interests to be held as tenants by the entirety. The parties agree this property should be sold and plan to file a motion with this Court seeking approval to sell the property at a price within a reasonable range of value established by appraisal.

No timely Rule 73.01(c) request for specific factual findings was made to the trial court by any party. The trial court made no explicit findings of fact other than those quoted herein. Therefore, in accordance with Rule 73.01(c), "[a]ll fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached."
Rule references are to Missouri Court Rules (2018).

In Missouri, as at common law, it is presumed that a conveyance to a husband and wife as joint grantees creates a tenancy by the entirety. Nelson v. Hotchkiss , 601 S.W.2d 14, 17 (Mo. banc 1980). That presumption may be overcome only by a clear and express declaration, which leaves the trial judge with no doubt that the property was not held as a tenancy by the entirety. Id. at 20. "Where our only evidence of the intention of the parties is the words on the face of the deed, we conclude that it is necessary to use the limiting phrase 'and not as tenants by the entirety' in order to negate the presumption." Id.

Appellants argue that the trial court could consider extrinsic evidence, such as the Premarital Agreement and the 2013 Stipulation, in determining Pageler's and Elder's intent because the deed is ambiguous on its face as to the estate created or, if a presumption of tenancy by entireties applies, to rebut that presumption by finding an intent to create a tenancy in common. We need not reach, discuss, or decide whether Appellants are correct about these issues, however, because all extrinsic evidence relied upon by Appellants here was admitted into evidence and before the trial court for consideration without objection. None of Appellants' points assert the trial court misapplied the parol evidence rule to preclude its consideration of any admitted extrinsic evidence. See Denny v. Regions Bank , 527 S.W.3d 920, 925 (Mo. App. 2017) (parol evidence rule is a rule of law). Our required view of the evidence, therefore, dictates that the trial court considered all the admitted evidence and, nevertheless, drew factual inferences as to Pageler's and Elder's intent "in accordance with result reached" and unfavorable to Appellants' contrary position. See Rule 73.01(c); note 5, supra.

While Appellants' points and arguments also include references to inventories filed in the Elder conservatorship after the 2013 Stipulation, we need not discuss them outside the context of the 2013 Stipulation because Appellants posit in both points that the referenced inventories are consistent with the 2013 Stipulation.

Appellants drew the trial court's attention primarily to the 2013 Stipulation phrase "[w]ith regard to jointly titled marital asserts, the parties stipulate that the ward and his wife have each [sic] own a 50% one-half interest" to support their position that the signatories intended to agree to treat the Winona property as a tenancy in common. On the other hand, Elder's conservator argued to the trial court that such phrase referred to property expressly held as tenants by the entireties, i.e. , the bank accounts, and referred to the promissory note and deed of trust on the Eminence property that the parties stipulated should be held as tenants by the entireties to support her position that the signatories intended to maintain ownership of all joint property as tenants by the entireties until liquidated or sold. Pointing out these internal inconsistencies in the document not only highlighted competing inferences that could be drawn from the 2013 Stipulation as to the intent of its signatories, but also served to contest that factual issue. See White , 321 S.W.3d at 308 (a party can contest evidence by pointing out internal inconsistencies in the evidence).

Appellants' first point fails to give a legal reason for the claimed misapplication of law, as required by Rule 84.04(d)(1)(B). Appellants' second and third points recite "quasi-estoppel" and "judicial admission," respectively, as the legal reasons for the claimed misapplications of law.

Appellants cite us to Denny , 527 S.W.3d at 926, for the proposition that the trial court's determination of intent should be "gathered from the instrument itself, the circumstances surrounding and leading up to execution of the instrument, and the subject matter and situation of the parties at that time." We have no quarrel with this proposition because drawing a factual inference from circumstantial evidence as to a person's intent is a function for the fact finder, here the trial court, not an appellate court. Appellants fail to recognize and acknowledge that the trial court drew the factual inferences of intent in this case contrary to their view of the evidence.

Any attempt by this court to construct misapplication-of-law arguments for Appellants based upon facts found in accordance with our Rule 73.01(c) required view of the evidence would thrust us into the role of becoming their advocate, which is an inappropriate role for an appellate court. Kramer v. Park-Et Rest. , Inc. , 226 S.W.3d 867, 870 (Mo. App. 2007) (appellate courts should not become advocates for an appellant by speculating about arguments that have not been made).