**Gholston Wilson BROWN, Respondent,**

v.

**Ruth Winifred BROWN, Appellant.**

**No. KCD26064.**

Missouri Court of Appeals,
Kansas City District.

May 7, 1973.

P. Terence Crebs, Michael A. Fisher, Fordyce, Mayne, Hartman, Renard & Stribling, St. Louis, for appellant.

Dudley D. Thomas, Jr., David Thomas, Thomas & Thomas, Carrollton, for respondent.

Before DIXON, C. J., PRITCHARD and SOMERVILLE, JJ., and DONALD B. CLARK, Special Judge.

SOMERVILLE, Judge.

Plaintiff and defendant were, respectively, brother and sister. By inheritance they were owners, in fee simple absolute as tenants in common, of approximately three hundred twenty-four acres of land in Carroll County, Missouri, bordering the town of Norborne.

Plaintiff employed Mr. David Thomas, attorney at law, Carrollton, Missouri, to bring a partition suit. The land was not subject to partition in kind. A special commissioner was appointed and a public sale was held. The price obtained for the land at the public sale was $176,000.00. The court below in its order confirming the sale awarded Mr. Thomas an attorney's fee of $8,800.00 "for commencing and prosecuting the action".

Defendant duly filed a motion to set aside the award of attorney's fee predicated on the dual basis that she had not been afforded an opportunity to be heard and the fee was excessive. Defendant's motion was sustained, a hearing was held, both sides appeared, evidence was presented, and the court below entered its order awarding plaintiff's attorney "the sum of $8,800.00 as being the reasonable value of his services rendered in the partition action", from which order defendant perfected her appeal.

Succinctly stated, defendant contends on appeal that the $8,800.00 attorney's fee awarded was arrived at by means of an arbitrary mathematical formula, i. e., five percent of the total sales price of $176,000.00, was not reasonable, and constituted an abuse of discretion by the court below.

Unfortunately, attorney fees, both those arrived at between attorney and client and those judicially determined and awarded, have, in the minds of laymen, been too many times shrouded in an aura of mysticism and misunderstanding. There is nothing sacrosanct about attorney fees and their proper determination does not spring from professional or judicial prestidigitation.

In a partition suit, Rule 96.51, V.A.M.R., rooted in Section 528.530 RSMo 1969, V.A.M.S., provides the judge of the court in which suit is brought shall "allow a reasonable fee" to the attorney "bringing" suit, same to be taxed and paid as costs. The evidence disclosed that plaintiff's attorney, in commencing and prosecuting the partition suit, held consultations with the plaintiff to ascertain the basis for partition and explained the mode and effect of such a suit. The parties' title to the land emanated from Benjamin F. Brown, deceased. Decedent acquired the land from four separate sources and there were four separate abstracts of title. One abstract was last certified in 1916 and the other three were last certified in 1904 and 1905. Mr. Thomas, plaintiff's attorney, obtained the abstracts and by the exercise of professional skill and knowledge, checking records in the local abstract office and those in the probate court and recorder of deeds' office, ascertained certain conveyances out and easements granted which reduced and burdened the parties' title as disclosed by the old abstracts. In addition, the abstracts disclosed that the land was encompassed in two separate drainage districts, and a check and determination was made as to whether or not there existed any unpaid drainage taxes or benefit assessments, which would constitute a burden on the land. After ascertaining the nature and extent of the parties' title to the land and determining the correct legal description thereto, plaintiff's attorney prepared and filed a petition for partition. Mr. Thomas, before filing suit, advised the plaintiff that his attorney fee would be five percent of the total sales price.

Mr. Thomas appeared in court, proved up the title and interest of the parties and prepared and obtained an interlocutory judgment in partition and secured the appointment of a special commissioner. Arrangements for the special commissioner were made by Mr. Thomas. The special commissioner was a skilled auctioneer in Carroll County, and he was awarded a fee of $915.00 which defendant did not attack. Mr. Thomas consulted with the special commissioner prior to the sale and outlined to him his duties and obligations. Thereafter, Mr. Thomas prepared a bond for the special commissioner, a stipulation and agreement between the parties in the event one or the other was the successful purchaser at the public sale, the notice of sale, a contract of sale for utilization by the special commissioner at the public sale, the special commissioner's report of sale, the order confirming the sale and the special commissioner's deed.

Mr. Thomas made several trips to Norborne, one of which was to correct an error in the publisher's affidavit of notice of sale. He attended to bringing all the abstracts up to date, delivery thereof to the purchaser and satisfying all title requirements of the purchaser and purchaser's mortgagee, prepared and secured execution of separate quit claim deeds from the parties for delivery to the purchaser to obviate any cloud on the title, if any, occasioned by the partition suit, and consummated all closing details with the purchaser and purchaser's mortgagee. Additionally, Mr. Thomas handled all filings inherent in the prosecution and completion of the partition suit, prepared all disbursement checks for the special commissioner, consulted by telephone and letter with defendant's counsel, and terminated the right of possession of a tenant of the land.

The partition suit was uncontested, except only as to the amount of attorney's fee awarded to plaintiff's counsel. At the hearing held in the court below to determine the amount of a reasonable attorney fee for services performed by plaintiff's

counsel, evidence was introduced by plaintiff showing the above delineated services rendered by his attorney. In conjunction therewith, Mr. Thomas, a licensed and practicing attorney in Carroll County for ten years, testified that a reasonable amount for services rendered and performed by him was $8,800.00; Mr. Christian Stipp, an experienced and practicing attorney in Carroll County for twenty-four years, testified that a reasonable attorney fee would be five percent of the total sales price, or $8,800.00, "not because it is five percent, but it reflects the time and skill involved, and the value of the property involved, and the responsibility of the attorney who handles it"; Mr. Ernest Troutman, President of the Carroll County Bar Association, and an experienced and practicing attorney in Carroll County for twenty-four years, testified that a reasonable attorney fee was five percent of the total sales price. Defendant failed to introduce any evidence at the hearing, much less evidence that $8,800.00 was not a reasonable fee for services rendered and performed by plaintiff's counsel in commencing and prosecuting to completion the partition suit.

■■■ Determination of the dollar amount constituting a reasonable attorney fee, within the purview of Rule 96.51, rests in the sound discretion of the trial court, and such exercise of discretion will not be secondguessed by an appellate court, unless the amount awarded is arbitrarily arrived at or so unreasonable as to shock all basic sense of justice, thereby indicating indifference and lack of proper judicial consideration by the trial court. Anderson v. Robertson, 402 S.W.2d 589 (Mo.App.1966). As an adjunct, a trial court will not be deemed to have abused its discretion, if reasonable men could validly take opposing positions as to its propriety. Anderson v. Robertson, supra.

■■■ A ruling or order of a trial court resulting from an exercise of discretion is presumed to be correct and the burden rests on the complaining party to prove otherwise. Anderson v. Robertson, supra.

Defendant's appeal is subject to being summarily disposed of on this basis for she completely failed to sustain the burden imposed upon her. However, a summary disposal would serve to further cloud, not clear up, the existing aura of mysticism and misunderstanding surrounding legal fees in the minds of many members of the lay public. Justice to them (the lay public) would be subverted by what they too frequently condemn and characterize as "legal niceties" or "legal technicalities".

Haley v. Horwitz, 290 S.W.2d 414, 1. c. 418 (Mo.App.1956), dealing with determination of what constitutes a reasonable attorney fee in a partition suit, poignantly sets out the facts and elements to be considered:

"In determining what is a reasonable allowance for legal services many and varied elements or factors are to be considered. Among the principal elements to be considered are the amount and character of the services rendered, the nature and importance of the litigation, the degree of responsibility imposed on or incurred by the attorney, the amount of money or the value of the property involved, and the degree of professional ability, skill and experience called for and exercised in the performance of the services. The problem should also be approached with a view to common sense realism; that is to say, it should pose an amount that public standards will approve for the work done, the time consumed, and the skill required."

The thrust of defendant's argument throughout is a numbers game, viz, the awarded fee of $8,800.00 represents five percent of the total sales price of $176,000.00, and was, therefore, per se arbitrary, an abuse of discretion, shocking and unreasonable. This argument bemeans the trial court, the record and the controlling and applicable law. Defendant ignores the testimony and evidence, replete throughout the record, that $8,800.00, or five percent of the total sales price, constituted a reasonable attorney fee. All the ev-

idence at the hearing disclosed that the fee awarded pursuant thereto was not arbitrary so as to bring the same within the highly proper condemnation pronounced in Hunkler v. Wilke, 444 S.W.2d 507 (Mo. App.1969). Weighed in light of the controlling factors enunciated in Haley v. Horwitz, supra, the record discloses that plaintiff's counsel performed substantial and important legal services, no aspect of the partition suit was neglected or indifferently handled, land of the value of $176,000.00 was involved, and high standards of professional conduct were exhibited throughout by plaintiff's counsel, particularly with respect to his research as to the nature and extent of the parties' title to the land and in securing and counseling the special commissioner. It is a matter of common knowledge, and this court takes judicial notice, that the standard real estate commission in Carroll County, at the time in question, pertaining to the sale of farm lands was five percent of the total sales price. The awarded fee of $8,800.00 thus represented an acceptable amount according to existing public standards of value. Defendant's contentions notwithstanding, the fact that plaintiff, knowing that the attorney's fee would be five percent of the total sales price, authorized counsel to file and proceed with the partition suit, plus the testimony of members of the Carroll County Bar that $8,800.00, or five percent of the total sales price, was a reasonable attorney fee, indicates that reasonable men could and did take opposing positions as to the propriety of the trial court's action in awarding plaintiff's counsel an attorney fee of $8,800.00.

The record before the court is the antithesis of arbitrary conduct, abuse of discretion, shock or unreasonableness. The court below did not, in awarding plaintiff's counsel an attorney fee of $8,800.00, act arbitrarily or abuse its discretion. The fee was reasonable and the order of the trial court awarding the same is affirmed.

All concur.