Marianne L. WARD, (Charles J. McMullin, her trial attorney and attorney of record, Appellant,

v.

Ronnie Marion WARD, Rose Wanda Ward, and Guy Ward, Respondents.

No. 44934.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 6, 1982.

Motion for Rehearing and/or Transfer Denied Oct. 15, 1982.

Application to Transfer Denied Nov. 15, 1982.

Charles J. McMullin, St. Louis, for appellant.

Thomas J. Briegel, Union, for defendants-respondents.

Rick M. Stout, Chesterfield, for plaintiff-respondent.

REINHARD, Presiding Judge.

Plaintiff's attorney appeals from the trial court's award of fees for services he performed during a partition suit.[1] Appellant asserts that the fee was grossly inadequate and an abuse of discretion. We affirm the trial court's decree.

Plaintiff Marianne Ward employed appellant to represent her in partition action against Ronnie Ward, her former husband, and Guy and Rose Ward, Ronnie's parents. Plaintiff sought partition in kind of a 66.70 acre farm in Franklin County, Missouri, which the parties had purchased in 1976. The defendants denied that the property could be partitioned in kind and, by counterclaim, sought credits for improvements and payments they had made on the property.

At trial, plaintiff directed a good deal of her evidence and efforts toward establishing that the property could be partitioned in kind. Defendants' evidence tended to show that such a partition would not be beneficial. Defendants presented evidence to support their claim for credit for payments they had made on the note secured by a deed of trust on the property and their claim for credit for improvements they had made to the property. Plaintiff presented evidence in opposition to defendants' claim for credits. Finally, plaintiff presented evidence to support an assessment of fees for her attorney, including testimony regarding the hours he spent on the case and his hourly rate.

The trial judge ordered the property sold because there was a deed of trust on the property. He held that Rose and Guy were entitled to a credit for payments they had made on the note, but denied their claim for credit for the improvements. The court granted appellant a fee of $1800.00. Finally, the court held each party was entitled to one-fourth of the proceeds of the sale after deduction of the defendants' credit, appellant's fee, and the other costs. After this order, the parties settled among themselves without appellant's knowledge.

Plaintiff's attorney filed this appeal contending the trial court abused its discretion in ordering the grossly inadequate fee of $1800.00. Appellant contends that he is entitled to a fee of over $10,000.00 based on the number of hours he has expended on this case and value of the property involved.

Supreme Court Rule 96.30 states that the trial court shall allow a reasonable fee to the attorney bringing a partition suit and that the fee shall be taxed as a cost. The attorney's fee is taxed as a cost borne by all the parties to a partition suit because the attorney performs services that benefit all the parties. *Arthaud v. McFerrin,* 156 S.W.2d 641, 642 (Mo.1941). Where, as here, the attorney has brought the partition suit for a party entitled to partition and that party agrees to a settlement without the attorney's consent, the attorney is still entitled to a reasonable fee allowance. *Id.* The trial judge is presumed to know the value of the services the attorney rendered and may establish the amount of the fee without the aid of evidence. The appellant bears the burden of affirmatively establishing that the court's allowance constitutes a clear and manifest abuse of discretion. *Nelson v. Hotchkiss,* 601 S.W.2d 14, 21 (Mo. banc 1980).

Judge Somerville, speaking for the court, in *Brown v. Brown,* 495 S.W.2d 89, 92 (Mo.App.1973), enumerated some of the factors that a court may consider in setting an attorney's fee in a partition suit. Those factors include the amount and character of the legal services rendered, the nature and importance of the litigation, the degree of responsibility assumed by the attorney, the degree of professional skill and expertise he demonstrates, and the value of the property.

We have examined *Brown* and the other cases cited by appellant, and find each case to be one where the partition sale actually occurred. We conclude the courts' references to value in those cases were references to sale price. We believe that the sale price is the prime and most significant

---

1. This case involves two separate appeals. Both are disposed of by this opinion.

factor in setting the fees to be assessed as costs.

After the court orders the property sold, the plaintiff's attorney in a normal partition proceeding provides extensive services that benefit all the parties. These services include preparing the court's orders, assisting the sheriff or special commissioner to prepare the notices, advertising the sale, ensuring potential buyers for the sale, preparing the deeds and other documents after the sale, and disbursing the proceeds of the sale. We treat the sale price of the property as the most important factor in determining the fee in order to encourage the attorney to perform these post-order services diligently and to obtain the highest possible price for the property.

Appellant's evidence indicated the value of the property was approximately $101,000.00. He argues the same weight should be given to value where the land is partitioned in kind or the case ends without sale as is given the sale price where the suit ends in sale. This argument defies logic and experience. Value is a factor to be considered in the allowance of fees in a case where there is no sale, but is *not* the most significant factor.

Determining the fee allowance is more difficult in a case which has not gone to conclusion. Clearly, all services performed after the order of partition and sale benefit all the parties. However, it is more difficult to determine which of the services performed before the order benefit only the plaintiff and which benefit all the parties. Appellant spent much effort on the issues of partition in kind and defendants' claim for credits. In assessing appellant's fee, the court undoubtedly considered the futility of appellant's efforts to obtain partition in kind in view of the existence of the deed of trust.[2]

■ The court was presented with a difficult task in determining what portion of appellant's fees to allow as costs. Based on the record before us, we do not find an abuse of discretion in the court's allowance of $1800.00. Appellant must look to his own client for the balance of his fees.[3]

Judgment affirmed.

SNYDER and CRIST, JJ., concur.

---

**2.** At oral argument, appellant stated the holder of the deed of trust had agreed to partition in kind. There was, however, no evidence to that effect in the record.

**3.** Appellant's motion for costs, taken with this appeal, is denied.