**Philip BUCHANAN, Plaintiff–Appellant,**

v.

**Suzanne MITCHELL, Defendant–Respondent.**

**No. 64511.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 26, 1994.

W. Bevis Schock, St. Louis, for plaintiff-appellant.

Carlson, Wendler & Associates, P.C., Charles W. Armbruster, III, Edwardsville, IL, for defendant-respondent.

CRANDALL, Presiding Judge.

Plaintiff, Philip Buchanan, appeals from the judgment of the trial court denying his request for attorney's fees in a partition action with defendant, Suzanne Mitchell. We reverse and remand.

Plaintiff and defendant were not married, but lived together from 1985 to 1988 in a house which they purchased with joint funds. They also purchased items of personal property with joint funds, including an automobile titled in both their names. In 1988, plaintiff and defendant ceased cohabiting.

Plaintiff originally filed a "Petition for Partition of Real Property and Personal Property" in 1988.[1] The petition alleged that plaintiff made the down payment and mortgage payments on the house, as well as payments on the automobile. The petition alleged, and defendant's answer admitted, that they owned the house as "joint tenants," and the automobile was owned "jointly." In his proposed findings of fact and conclusions of law, however, plaintiff sought 100 percent not only of the real property, but also of certain items of personal property, including the automobile; and he sought 50 percent of other items of personal property.

In her amended answer and counterclaim, filed in 1990 after the first appeal and after remand, defendant alleged that she contributed the greater share of the down payment and made all mortgage payments on the house; and that all the personal property, including the automobile, was purchased with joint funds. The parties engaged in discovery to determine who contributed what funds toward the acquisition of the property, both real and personal.

The parties ultimately agreed to sell the house, after the first appeal was decided and after remand. The house was sold in 1992 through a real estate agent, and the proceeds from the sale were placed in an escrow account. After a hearing, the trial court ordered the proceeds from the sale of the house distributed equally to the parties and divided the personal property between the parties. The court denied plaintiff's request for attorney's fees, ordering each party to pay his or her own attorney's fees; and apportioned the costs equally between the parties.

Plaintiff's sole point on appeal is that the trial court erred in failing to grant his request for attorney's fees. Plaintiff argues that the award of attorney's fees for bringing a partition action is required by Rule 96.30 and by existing case law. *See Nelson v. Hotchkiss,* 601 S.W.2d 14 (Mo.banc 1980); *Brooks v. Kunz,* 637 S.W.2d 135 (Mo.App. 1982).

■ Section 528.530, RSMo (1986) and Rule 96.30 provide that the court "shall allow a reasonable fee to the attorney" instituting the action in partition. Rule 96.30 further provides that the "fees, costs and expenses shall be taxed as costs." Attorney's fees are to be paid from the proceeds of the partition sale. *Colbert v. Howard,* 707 S.W.2d 496, 497 (Mo.App.1986). The use of the word "shall" in Rule 96.30 and § 528.530 indicates that the court is required to award attorney's fees to the attorney who brings the partition action. The trial court therefore erred in failing to do so. The only question remaining, then, is the amount of attorney's fees the court should have allowed as costs.

■ A trial court in a partition action may establish the amount of attorney's fees without the aid of evidence. *Brooks,* 637 S.W.2d at 140. In the absence of a contrary showing, the trial court is presumed to know the value of the attorney's services. *Nelson,* 601 S.W.2d at 21. The trial court is considered to be an expert on the question of attorney's fees, because the court tries the case and is acquainted with all the issues involved therein. *Id.* Some of the factors the court may consider in setting attorney's fees include the amount and character of the

---

1. Plaintiff appealed the trial court's judgment in the original action. This court remanded for a new trial in *Buchanan v. Mitchell,* 785 S.W.2d 317 (Mo.App.1990).

legal services rendered, the nature and importance of the litigation, the degree of responsibility assumed by the attorney, the degree of professional skill and expertise he demonstrates, and the value of the property. *Brown v. Brown*, 495 S.W.2d 89, 92 (Mo.App. 1973).

■ The plaintiff's attorney in a partition action is in a unique position, because the attorney must represent two separate interests. *Brooks*, 637 S.W.2d at 141. Initially, it is the attorney's duty to prove his client's interest in the property. *Id.* After that, the attorney renders all other services for the benefit of both parties, with the result that the attorney is entitled to be compensated out of the common fund realized from the sale of the property. *Id.*

■ Typically, the plaintiff's attorney provides extensive services that benefit all the parties. *Ward v. Ward*, 640 S.W.2d 477, 479 (Mo.App.1982). These services include: preparing the court's orders; assisting in the preparation of the notices; advertising the sale; ensuring potential buyers for the sale; preparing the deeds and other documents after the sale; and disbursing the proceeds of the sale. *Id.* Generally, the plaintiff's attorney is entitled to be compensated only for such work as counsel would do in an ordinary, non-contested case. *Nelson*, 601 S.W.2d at 21. If the plaintiff requests special benefits in addition to the partition of the real estate, the defendant should not be required to pay the plaintiff's attorney for the services rendered for those special benefits. *Brooks*, 637 S.W.2d at 141. In cases where the partition suit is contested, yet where the plaintiff requests no special benefits, the plaintiff's attorney is allowed compensation for the additional work. *Id.*

Here, the evidence before the court regarding attorney's fees consisted of invoices listing the services rendered and the corresponding fees. The invoices showed that plaintiff's attorney made telephone calls regarding the sale and appraisal of the house, drafted the escrow agreement, reviewed the contract for sale, made telephone calls to the title company, and attended the closing. The attorney also claimed fifteen hours of trial preparation and actual trial time. In addition, entries on the invoices revealed that the attorney devoted time to extensive discovery, to the tracing of funds, to matters related to a protective order, and to other matters not clearly related to the partition action. Plaintiff contended that the legal fees totalled $12,622.00. He placed a value of $119,009.24 on the property divided by the trial court; and requested attorney's fees of $8,330.65, an amount representing seven percent of the total value of the property.

In the present case, some of the attorney's services benefitted both parties and some benefitted only plaintiff. The trial court was presented with the task of sifting through the invoices to determine which of the attorney's services were compensable from the sale proceeds. Plaintiff's evidence did not distinguish between services rendered exclusively for his benefit and those rendered for the benefit of both parties. Plaintiff merely requested seven percent of the total value of the property as payment for the attorney's services, without regard for the nature of those services.

A percentage of the sale price of the property is entirely proper when the sale is judicially ordered. *Brooks*, 637 S.W.2d at 141–142. This result is warranted because "all services performed after the order of partition and sale benefit all the parties." *Ward*, 640 S.W.2d at 479. In *Ward*, this court rejected the notion that the sale price of the property was the most significant factor in determining the fee of an attorney who instituted a partition action, when there was no judicially ordered sale. *Id.* In that case, the parties settled after the court determined their respective interests in the property and ordered the property sold. *Id.* at 478. Although no sale of the property occurred, plaintiff's attorney sought a fee based on the value of the property. *Id.* at 479. The court, however, allowed only a portion of the attorney's fees as costs, reasoning that some of the attorney's services before the court order benefitted only the plaintiff. *Id.*

■ In the instant action, the parties voluntarily agreed to sell the house and did so through a real estate agent. Because the amount due each party from the sale pro-

ceeds was hotly contested, the proceeds were placed in escrow until the court made a judicial determination as to what portion each party would receive. Plaintiff asserted that he was entitled to 100 percent of the house and of certain personal property. The attorney expended much effort to establish plaintiff's interest in the property. Plaintiff's posture regarding his interest in the property was inimical to that of defendant. Faced with plaintiff's claim, defendant retained her own attorney to protect her interests and brought a counterclaim against plaintiff, refuting allegations contained in his petition. Throughout the partition action, the attorney, in essence, represented plaintiff's interests in an adversary proceeding against defendant. As such, some of the attorney's services did not inure to the benefit of defendant. Under these circumstances, the trial court should have compensated the attorney only for those services rendered for the benefit of both parties.

■ The trial court erred in refusing to allow any attorney's fees to plaintiff's attorney, because some of his services in the partition action inured to the benefit of both parties. On remand, the court must determine what portion of the attorney's fees to allow as costs. Plaintiff's point on appeal is granted.

The judgment of the trial court is reversed and the cause is remanded for the court to enter judgment consistent with this opinion.[2]

REINHARD and CRIST, JJ., concur.

---

**2.** Defendant's motion to dismiss the appeal for plaintiff's failure to comply with Rule 84.04 and for alleged defects in his brief and legal file is denied. Defendant's request for attorney's fees incurred in responding to plaintiff's appeal is also denied.