**Charles HIGGINS, Respondent,**

**v.**

**Melba L. OLSON, Appellant.**

No. 73212.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 18, 1999.

William James O'Herin, Florissant, for appellant.

William W. Hollander, Clayton, for respondent.

LAWRENCE G. CRAHAN, Judge.

Melba L. Olson ("Melba")[1] appeals certain adverse aspects of the judgment in this action brought by Charles Higgins ("Charles") seeking damages for conversion of personal property, to quiet title to various parcels of real property and to partition property titled jointly. We affirm in part and reverse in part.

Charles and Melba met in 1991 and lived together without benefit of marriage from June, 1992, until December, 1995. At the time they met, Charles was separated from his wife and a dissolution proceeding was pending.

During their relationship, Charles and Melba jointly purchased two properties which were titled in Melba's name alone so that Charles' interest would not be disclosed or discovered in his pending dissolution proceeding. Another property, on Robert Street, was acquired and titled in joint names, although Melba paid the entire purchase price. When Charles' dissolution was concluded, he was awarded three rental properties which were separately titled in his name alone. Charles also acquired other houses during the relationship for which he paid all of the purchase money. These properties were also titled in Charles' name alone.

Charles and Melba's relationship ended when Melba obtained an adult abuse order in December, 1995. Although Charles had an extensive amount of personal property at the home he and Melba were sharing, much of it was never seen again.

Charles brought this action for conversion of his personal property, partition of jointly owned real property and to quiet title to the real estate held in his name alone. At trial, Melba claimed that she and Charles were engaged in a partnership to invest in real estate for profit and to sell certain Avon products she was accused of converting.

The trial court found that the parties had never entered into any written contract or partnership agreement with respect to any parcel of real estate. The court specifically found that a purported written agreement concerning a partnership in the Robert Street property had been fabricated by Melba. The court further found that there was no partnership agreement to sell Avon products.

The trial court found that Melba had converted Avon products owned by Charles valued at $18,715.40 and other personal property owned by Charles valued at $11,081.95. Judgment for such amounts was rendered in favor of Charles together with interest from December 1, 1995.

Charles was declared the sole owner of each of the parcels of real property titled in his name alone. Although the court found that Charles had contributed to the acquisition of the two properties titled in

1. We will use the parties' first names for clarity. No disrespect is intended.

Melba's name alone, Melba was declared the sole owner of those properties.

The jointly titled Robert Street property was awarded solely to Charles based on his contributions to the acquisition, maintenance and improvement of that property as well as the two other properties awarded to Melba. Charles was also awarded $5,000.00 in attorneys' fees.

The standard of review of this bench-tried case is set out in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32. We accept as true all evidence favorable to the prevailing party and all reasonable inferences drawn from it, disregarding all contrary evidence. *State ex rel. Miller v. McLeod*, 605 S.W.2d 160, 162 (Mo.App.1980).

■ In her first point, Melba claims the trial court erred in awarding Charles the entire interest in the property on Robert Street on the basis of his contributions to the two properties titled solely in Melba's name and awarded to Melba. Melba urges that this was a misapplication of the law because the judgment on its face indicates the court was impermissibly attempting to adjust equities beyond the scope of the common property being partitioned – *i.e.* the property on Robert Street. Further, Melba urges, the trial court's finding that she had "failed to produce any competent evidence that she had made any substantial contribution to the acquisition, purchase and/or maintenance of [the Robert Street property]" is not supported by substantial evidence. We agree.

Charles testified that, although the Robert Street property was titled jointly, Melba furnished the entire $33,500 purchase price and he contributed nothing at the time of purchase. In *Montgomery v. Roberts*, 714 S.W.2d 234, 236 (Mo.App.1986) we held:

With a tenancy in common, if a deed " ... does not specify the shares of each co-tenant, it will be presumed that they take equal undivided interests, but this presumption may be rebutted by proof, e.g., that the co-tenants contributed unequal amounts toward the purchase of the property and there is neither a family relationship among the co-tenants nor any evidence of donative intent on the part of those who contributed more than their pro rata amounts towards the purchase price." Roger Cunningham, William Stoebuck, Dale Whitman, *The Law of Property*, Section 52 (1984).

■ If one of two such co-tenants makes no contributions to the purchase price of the property, he is not entitled to any share. *Id.*

■ In this case, the stated basis for the trial court's award of the Robert Street property to Charles was in recognition of Charles' contribution to the acquisition, maintenance and improvement of the Robert Street property and the other two properties awarded to Melba. Melba does not dispute the evidence that Charles made substantial contributions to the acquisition, maintenance and improvement of the two properties she was awarded. However, Melba claims that the trial court cannot properly consider such contributions in partitioning the Robert Street property. We agree. The power of the court to adjust equities and conflicting claims on partition is subject to the limitation that the claims must relate to the common property. *Grunden v. Nelson*, 793 S.W.2d 569, 574 (Mo.App.1990), citing 68 C.J.S. *Partition* Sec. 135, p. 210 (1950). As the Missouri Supreme Court observed in *Richardson v. Kuhlmyer*, 250 S.W.2d 355, 360 (Mo.1952):

The circuit court may exercise a wide latitude in the adjustment of the equities among the parties to a partition suit. . . . The equities to be adjusted, however must of necessity be those which have arisen from or are in some way connected with the real estate to be partitioned;

they must be claims relating to the common property.

To the extent the trial court awarded the Robert Street property to Charles based on his contributions or improvements to other properties it misapplied the law.

As noted above, Charles made no contribution to the acquisition of the Robert Street property. Charles did offer evidence of approximately $3,450 in expenditures he made with respect to the Robert property. Melba claims that these expenditures were mere "upkeep" and not true improvements. From our examination of Charles' exhibit, it appears that Melba is at least partially correct in that Charles appears to have included ongoing expenses for utilities and even newspaper advertisements in his calculation which would not tend to enhance the value of the property. Other items apparently could be characterized as improvements but the record does not contain any testimony concerning the amount by which these modest expenditures enhanced the value of the Robert Street property.

On the other hand, the record also discloses a transaction for Charles' benefit which would substantially detract from the value of the Robert Street property. After the Robert Street property was acquired free of encumbrances, Charles, with Melba's consent, used the Robert Street property and another property owned by Charles as collateral for a $68,000 loan. Charles used the proceeds of this loan to pay an outstanding debt to his ex-wife and to purchase yet another property titled solely in Charles' name.

We need not decide whether a co-tenant who makes no contribution to the acquisition of the property may otherwise acquire a protected interest by making substantial improvements to the property. Under the somewhat unique circumstances presented in this case, we hold that the "improve-

ments" claimed by Charles are insubstantial, particularly in light of the detriment imposed upon the property by the lien incurred solely for his benefit. Accordingly, in the interest of laying this litigation to rest and as permitted by Rule 84.14, we reverse that portion of the judgment awarding the Robert Street property to Charles and award the property at 1021 Robert Street to Melba Olson. We further order that Charles shall be required to hold Melba harmless for payment of the indebtedness secured by the lien.

■ In her fifth point, Melba urges the trial court erred in awarding attorneys' fees to Charles. Charles urges that the award of fees was predicated at least in part on the partition statute, Section 528.530 RSMo 1994. The only property which was the subject of a partition claim was the Robert Street property. In a partition action, the award of fees must be limited to fees incurred representing both parties. *Buchanan v. Mitchell,* 873 S.W.2d 945, 948 (Mo.App.1994). The attorney's initial duty is to prove his client's interest in the property. *Id.* Thereafter, the attorney is to render services for the benefit of both parties, with the result that the attorney is entitled to be compensated out of the common fund realized from the sale of the property. *Id.*[2]

Here, none of Charles' attorney's services inured to the benefit of both parties. The Robert Street property was neither partitioned nor sold, nor will it be in view of our disposition. Charles' attorney represented only Charles' interests in an adversary proceeding against Melba. He is not entitled to any fee pursuant to the partition statute.

■ Charles alternatively suggests that an attorneys' fee award was proper because the court was sitting as a court of equity. We disagree. Missouri follows the American Rule concerning the allow-

---

2. These services typically include: preparing court orders; assisting in preparing notices advertising the sale; ensuring potential buyers for the sale; preparing deeds and documents after the sale; and disbursing the proceeds of the sale. *Id.*

ance of attorneys' fees. *Consolidated Public Water Supply Dist. No. C1 of Jefferson County v. Kreuter,* 929 S.W.2d 314, 316 (Mo.App.1996). None of the circumstances which justify a departure from the American Rule are present in this case.

Pursuant to Rule 84.14, we reverse the award of attorneys' fees and amend the judgment to delete all references to attorneys' fees.

Melba's remaining points challenge the sufficiency of the evidence to support the trial court's finding that there was no partnership and its award of damages for conversion. We have reviewed the briefs of the parties and the record on appeal and find no error of law. Melba's remaining points are denied pursuant to Rule 84.16(b).

JAMES R. DOWD, P.J., RICHARD B. TEITELMAN, J., concur.