Janice COOPER, Respondent,

v.

Gary MURPHY, Appellant.

No. ED 90363.

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 27, 2009.

Kenneth K. Schmitt, St. Louis, MO, for appellant.

Randall D. Sherman, Hillsboro, MO, for respondent.

KENNETH M. ROMINES, Judge.

## Introduction

This appeal follows the partition of a piece of property ("the Property") that the parties own as joint tenants with right of survivorship. Gary Murphy appeals the trial court's judgment which granted a partition sale but did not grant him compensation for his claimed expenses toward improving the Property and paying mortgages encumbering the Property. He also appeals the trial court's failure to award him attorney's fees. Because the trial court's judgment was supported by substantial evidence and was not against the weight of the evidence regarding Murphy's expenses and the mortgages, we affirm the judgment in those respects. However, because Rule 96.30 mandates that the court

shall award attorney's fees in a partition action, we reverse this part of the judgment and remand for a calculation of attorney's fees.

### Factual and Procedural Background

Gary Murphy purchased the property at issue on this appeal ("the Property") in 1975, and he titled the Property in his name solely. At that time, Murphy was in an intimate relationship with Janice Cooper, and the two of them lived on the Property after Murphy purchased it. In 1989, Cooper and Murphy ended their relationship. Shortly thereafter, Murphy executed a quit claim deed conveying his interest in the Property to both himself and Cooper as joint tenants with right of survivorship, each with an undivided one-half interest in the Property.[1]

In 1997, a quit claim deed conveying Cooper's interest in the Property back to Murphy was recorded. Cooper claims she did not know of this deed until 2000, when a friend of hers informed her that Murphy had obtained a loan using the Property as collateral. Shortly thereafter Cooper initiated the underlying action to set aside the 1997 quit claim deed, claiming it was forged. Murphy counterclaimed for partition and for monetary contribution or set-off for expenses in maintaining and improving the Property.

The trial court found that each party had an undivided one-half interest in the Property as a joint tenant with right of survivorship. The court ordered the Property partitioned and sold. The court also found that there were two debts encum-

bering the Property. One was for $16,006.37, and the court ordered a lien in this amount jointly and severally against each party's interest in the Property. The second debt was for $120,000, and it was secured on 4 February 1998. The court ordered a lien in this amount (less the $16,006.37 already assigned) against Murphy's interest only. Furthermore, the court denied Murphy's requests for monetary contribution or set-off and for attorney's fees.

Murphy raises three points on appeal. First, he argues that the trial court's judgment was against the weight of the evidence because it failed to award Murphy compensation he had requested for his expenses in maintaining and improving the Property, ignoring the evidence Murphy had presented showing his expenses. Second, Murphy argues that the trial court erroneously applied the law in failing to assess the mortgage lien of $120,000 on the Property against both parties after determining they were joint tenants with rights of survivorship. Third, Murphy argues that the trial court erred by failing to award Murphy attorney's fees as required by Rule 96.30. We also take up Cooper's motion to strike which argues Murphy's exhibit A should be stricken because it was not properly admitted during trial. We address the motion to strike first and then proceed to Murphy's points.

### Motion to Strike

■ Cooper filed a motion to strike Murphy's Amended Appendix to Legal File[2] on the basis that it contained an

---

1. The parties dispute the reason that they became joint tenants upon ending their relationship. Murphy claims it was only to secure a $20,000 debt he owed to Cooper and that she would reconvey her interest once he paid her; Cooper claims it was because she asked for half of the Property because she had

been living on it as hers for the past several years and Murphy agreed.

2. Cooper's original motion included many bases for striking the Appendix to Legal File, Amended Appendix to Legal File, and the statement of facts of Murphy's brief. This Court previously denied that motion in all

exhibit ("exhibit A") that was never properly submitted or received into evidence at trial. *See Nolte v. Wittmaier,* 977 S.W.2d 52, 56 (Mo.App. E.D.1998) ("Exhibits not offered at trial are not properly part of the record on appeal."). Murphy informs us that the exhibit was physically in front of the trial court despite it not being received into evidence. He argues because this was a bench trial, exhibit A was in front of the factfinder thereby and thus is properly in front of us.

We disagree. We have no way of knowing whether the trial court considered the exhibit or not, and this question is the very reason our evidentiary rules exist. Murphy cites no legal authority, nor do we find any, allowing us to look at an exhibit that purportedly was considered by the trial court though not received into evidence. We decline to extend our rules in this way based on a presumption as to the trial court's actions. Cooper's motion to strike exhibit A from the record in this case is granted.

### Standard of Review

Turning to Murphy's points on appeal, we review this judge-tried case according to the principles laid out in *Murphy v. Carron:* we will affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. 536 S.W.2d 30, 32 (Mo. banc 1976). We accept as true the evidence and reasonable inferences therefrom that may be drawn in the light most favorable to the judgment, disregarding contrary evidence and inferences. *Id.*

### Discussion

*Maintenance and Improvement Expenses*

■ Murphy's first point is that the trial court's judgment is against the weight

respects save one: whether we should strike

of the evidence on the issue of money he spent for maintenance and improvement on the Property. The trial court held that Murphy and Cooper each held an undivided one-half interest as joint tenants with right of survivorship in the property. Murphy does not appeal this holding. Rather he argues that as such, he is entitled to reimbursement for one half of his maintenance and improvement expenses, for which he presented uncontroverted evidence.

■ We disagree. It is true that a cotenant in exclusive possession of property is entitled to compensation for monies expended (1) in good faith, (2) for such things of a necessary and substantial nature, (3) which materially enhance the value of the property. *See Brooks v. Kunz,* 637 S.W.2d 135, 140 (Mo.App. E.D.1982). Compensation is not a legal right, but a court may award it for such expenses when it is equitable to do so. *Hartog v. Siegler,* 615 S.W.2d 632, 636 (Mo.App. E.D. 1981). It was up to Murphy to show his expenses met the qualifications above.

■ The weight of the evidence in our standard of review refers to the evidence's weight in probative value, not its quantity. *Bauer v. Bauer,* 38 S.W.3d 449, 455 (Mo. App. W.D.2001). We reverse a judgment as against the weight of the evidence only with caution and a firm impression that the judgment is wrong. *King v. City of Independence,* 64 S.W.3d 335, 338 (Mo. App. W.D.2002), *overruled on other grounds by George Ward Builders, Inc. v. City of Lee's Summit,* 157 S.W.3d 644 (Mo.App. W.D.2004). The evidence on the record and the trial court's judgment against Murphy on this point require us to affirm for several reasons. First, Murphy's exhibit A, listing his purported ex-

exhibit A from the record.

penses, was not properly before the trial court because it was not received as evidence. While Murphy did testify to some of the expenses contained therein, much of his testimony was general and did not include specific dollar amounts.

Second, it was up to the trial court to determine whether these expenses were made in good faith and were of a necessary and substantial nature. We infer from the fact that the trial court heard this evidence yet still chose not to award compensation to Murphy that it found the facts in accordance with that result. Rule 73.01(c). The record is not replete with evidence of good faith and necessity such that we have a firm impression that the trial court's result was wrong. Rather, the trial court was in the best position to judge Murphy's credibility on these issues, and given its judgment, we can infer the court did not believe Murphy's testimony as to the necessity of these expenses and Murphy's good faith.

Finally, we have no evidence that the money Murphy spent on the Property materially enhanced the value of the Property. *See Christen v. Christen*, 38 S.W.3d 488, 492–93 (Mo.App. S.D.2001). Murphy testified that he made improvements to the Property because he wanted the interior to be very nice, but he gave no specific testimony as to whether the overall value of the property increased as a result. Here again, we simply do not see enough on the record to convince us that the trial court's judgment was against the weight of the evidence.

Point denied.

### Mortgage Lien

■ Murphy's second point is that the trial court erred in failing to assess all of the debt encumbering the Property

against both parties' interests. At the time the disputed 1997 quit claim deed was recorded, the Property was encumbered by a mortgage debt of $16,006.37. In 1998, Murphy secured a refinance loan for $120,000, which he claims paid for mortgage debt to the Property and improvements he made on the Property. The Settlement Statement for the $120,000 loan listed two mortgage payoffs: one to Commercial Federal bank for $16,006.37, and another to Crown Bank for $100,240.83. The trial court assessed the $16,006.37 debt jointly and severally against each party's interest, but the remainder the court assessed against Murphy's interest only. Murphy argues that this was arbitrary because the Property was encumbered by both mortgages prior to 1998.

■ A tenant in common who purchases or discharges an outstanding title or encumbrance for the benefit of the common estate is entitled in equity to contribution from his cotenants. *Hahn v. Hahn*, 297 S.W.2d 559, 567 (Mo.1957). Murphy argues that there was uncontradicted evidence that the Property had two mortgage encumbrances, both of which he paid for with the refinance loan in 1998. Thus, he argues, if Cooper maintained an undivided one-half interest in the property at that point, her interest was encumbered by both mortgages as well, and the trial court erred by assessing only the first mortgage against her interest as well as his.

We disagree. It was up to Murphy to establish that he was entitled to an equitable lien for the second mortgage. However, the only evidence of the mortgage is its presence on the Settlement Statement and Murphy's ambiguous testimony regarding how and why he obtained it.[3] He did not

3. When asked about the second mortgage, Murphy answered "Crown Bank. I think that

talk specifically about projects for which he used the money and whether they were for the benefit of the common estate, nor did he discuss when exactly he obtained the second mortgage. Murphy argues that the second mortgage was in existence even before the disputed 1997 quit claim deed, but we find no evidence on the record as to the date this second mortgage came about. We know only that he obtained the $120,000 refinancing loan to pay off both mortgages in 1998. Cooper acknowledges only the first mortgage and claims she did not consent to the second. Cooper claims Murphy was able to obtain the second mortgage only because of the 1997 quit claim deed purporting to give Murphy sole ownership of the Property. Viewing the facts in the light most favorable to the result and assuming the trial court found them in accordance therewith, we find there was substantial evidence and the judgment was not against the weight of the evidence in concluding that Murphy is entitled to no compensation for the second mortgage.

Point denied.

### Attorney's Fees

■ Murphy's final point is that the trial court erred in failing to award him attorney's fees as required by Missouri Supreme Court Rule 96.30. Rule 96.30 states, "The court shall allow a reasonable fee to the attorney instituting the action in partition.... The fees, costs and expenses shall be taxed as costs." The use of the word "shall" in the rule means that it is mandatory. *See State ex rel. Schnuck Markets, Inc. v. Koehr*, 859 S.W.2d 696,

698 (Mo.1993). This fee, however, is "limited to fees incurred representing both parties." *Higgins v. Olson*, 991 S.W.2d 216, 219 (Mo.App. E.D.1999). Therefore, any attorney who institutes such an action is entitled to fees under the rule, but the amount of those fees will be determined by the amount of work the attorney conducted towards the partition for the benefit of both parties. *See also Nelson v. Hotchkiss*, 601 S.W.2d 14, 21 (Mo.1980).

■ As defendant in the underlying action below, Murphy filed a counterclaim which included an action for partition. Thus his attorney, under the mandatory language of the rule, was entitled to an award of attorney's fees. Cooper claims that because the proceeding was so adversarial, Murphy's attorney worked only to Murphy's benefit and thus deserves no fee. However, this argument goes only to the amount of the fee, not whether Murphy's attorney was entitled to a fee. Cooper benefited from the partition defining her interest and the sale of the land compensating her for that interest. Murphy's attorney instituted the action. Therefore, the trial court erred as a matter of law by denying Murphy's request for attorney's fees. This part of the court's judgment we reverse, and we remand with instructions to determine a proper award of attorney's fees to Murphy's attorney.

### Conclusion

The trial court's judgment was supported by substantial evidence and not against the weight of the evidence as it relates to Murphy's claims for compensa-

was a second I had on the house." Then when Cooper's attorney attempted to add details based on Murphy's deposition, Murphy responded, "Crown Bank. I remember the name, sir, but I can't remember what it was for." Murphy's attorney revisited the subject, asking him in reference to the second mort-

gage, "Was that money that was incurred for a prior loan that was paid off for work done at [the Property]? To the best of your recollection?" Murphy responded, "Yes, it was. I don't really recall what it was for but it was like a second. I borrowed money to do work on the house and that kind of stuff."

tion for improvement expenses and mortgage payments. However, Rule 96.30 required the trial court to award Murphy's attorney fees for instituting the partition action, thus we reverse that point and remand with instructions to calculate a proper award of fees. In all other aspects we affirm.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.

NANNETTE A. BAKER, C.J., and GLENN A. NORTON, J., concur.