

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| ANGELA M. KARSTENS, | ) | No. ED111764 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | St. Charles County |
| vs. | ) | |
| | ) | Honorable Daniel Pelikan |
| KENNETH L. EVANS, | ) | |
| | ) | |
| Appellant. | ) | Filed: April 16, 2024 |

## Introduction

Kenneth L. Evans ("Evans") appeals the trial court's award of ordinary and substantial[1] attorney's fees of $17,669.32 to Angela M. Karstens ("Karstens") in the partition action for the sale of their home. Evans asserts four points on appeal. Points I and II contend the trial court's award of ordinary attorney's fees was improper because the work done by Karstens' attorney did not benefit him. Point III argues the award of substantial attorney's fees was improper because Evans' actions throughout the litigation of the partition action did not amount to egregious, vexatious, uncooperative, or unduly litigious behavior. Lastly, Point IV argues the trial court erred in awarding Karstens a total of $38,144.47 from the proceeds of the partition sale because the award included an attorney's fees award that is unreasonable.

---

[1] We use the terms "ordinary" to describe the attorney's fees awarded for work done benefitting both parties and "substantial" to describe the attorney's fees awarded for egregious, vexatious, uncooperative, or unduly litigious behavior.

We find Evans' first three points are dispositive. This Court cannot determine whether the trial court abused its discretion in awarding ordinary attorney's fees because the trial court combined the award for ordinary and substantial attorney's fees without specifying the amounts for each award. Additionally, we find the trial court erred in awarding any substantial attorney's fees because such an award is not supported by the record. Accordingly, we reverse and remand for the trial court to make findings as to the amount of partition-related attorney's fees that resulted from work benefiting both parties.

**Factual and Procedural Background**

In 2018, Karstens and Evans were involved in a romantic relationship and jointly owned a home in St. Charles, Missouri (the "Property"). Evans made a down payment of $21,250.43 and the earnest money deposit of $2,950.00 on the Property. The Property's mortgage was paid from a joint bank account, which was financed by both Karstens and Evans.

Following a "significant relationship strife," the parties separated. Karstens moved out of the Property while Evans remained in the Property. On February 14, 2022, Karstens filed a partition action to divide the interest in the Property. During the litigation of the partition action, Karstens filed a motion for an order of sale and two motions to compel to force Evans' compliance with discovery. The motion for an order of sale required memorandums to be filed and a court hearing, while the motions to compel were resolved without judicial intervention. Ultimately, Evans consented to the sale of the Property, but only after the court ordered him to consent to the order of sale. The Property received one purchase offer, which the real estate broker believed was fair. Both parties agreed to the sale price and the Property sold for $400,000 on August 12, 2022. The sale netted $64,761.02, which was paid into the registry of the trial court.

On May 5, 2023, the trial court entered its judgment. The trial court found Evans was entitled to $24,200.43 of the net proceeds for reimbursement of his down payment and earnest money payment. The trial court also assessed costs of $194.85 against Evans and awarded Karstens attorney's fees in the amount of $17,669.32 to be paid entirely by Evans. In awarding attorney's fees, the trial court stated Karstens initiated and facilitated the sale of the Property on behalf of the parties and Evans obstructed the sale of the Property and the progress of the lawsuit. Specifically, the trial court noted that: 1) Karstens was "essentially" kicked out of the Property and the locks were changed without her knowledge; 2) Evans stopped making mortgage payments, but kept accepting Karstens' checks to pay the mortgage; 3) Evans opposed Karstens' motion for order of sale, forcing memorandums to be filed and a court hearing, only consenting after ordered to do so by the trial court; 4) the Property was offered for showing on twenty or thirty occasions; 5) the real estate agent opined it was unusual that Evans was always present during showings to prospective buyers; 6) the real estate agent opined Evans did not want to sell the Property; 7) only one purchase offer was received and the real estate agent opined it was a fair offer; 8) Evans refused to remove his personal property from the premises even until after the closing had occurred; 9) Evans vigorously defended the lawsuit as he opposed the motion for an order of sale, forcing memorandums to be filed and a court hearing; and 10) Karstens filed multiple motions to compel to force Evans' compliance with discovery. The trial court also noted that "the level of personal rancor between the attorneys was unusually high." In total, the trial court awarded $38,144.47 to Karstens and $26,616.55 to Evans.

This appeal follows.

3

**Standard of Review**

A partition action is a court-tried action that is reviewed under the standard announced in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). *Cooper v. Murphy*, 276 S.W.3d 380, 383 (Mo. App. E.D. 2009). Therefore, the judgment will be affirmed "unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Calabrese v. Dwyer*, 616 S.W.3d 517, 524 (Mo. App. E.D. 2021) (internal quotations and citation omitted). In our review, "[w]e accept as true the evidence and reasonable inferences therefrom in the light most favorable to the verdict, and disregard all contradictory evidence and inferences." *Id.* (quoting *Hale v. Hale*, 180 S.W.3d 85, 89 (Mo. App. E.D. 2005)).

**Discussion**

A. Points I & II – Ordinary Attorney's Fees

Because Points I and II essentially contain the same argument, we will discuss these points together. In his first and second points on appeal, Evans asserts the trial court erred in awarding Karstens $17,669.32 in attorney's fees entirely from Evans because the award for ordinary attorney's fees should only be compensated out of the common fund for the amount of work the attorney conducted for the benefit of both parties. We agree. We remand for the trial court to determine the amount of partition-related attorney's fees resulting from work done benefiting both parties that is to be deducted from the common fund of the sale of the Property.

"The trial court's award of attorney's fees is reviewed for an abuse of discretion." *Berry v. Volkswagen Grp. of Am., Inc.,* 397 S.W.3d 425, 430 (Mo. banc 2013). The trial court is considered an expert at fashioning an award of attorney's fees and may make an award at its discretion. *Id.* "To demonstrate an abuse of discretion, the complaining party must show the trial court's decision

4

was against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice." *Id.* at 431 (internal quotations and citation omitted).

Under § 528.530[2] and Rule 96.30[3], a trial court "shall allow a reasonable fee to the attorney" who institutes the partition action. *Calabrese*, 616 S.W.3d at 528. "Because both parties benefit from the work of the attorney who handles the partition case (i.e. both receive partition sale proceeds), the defendant 'should not be permitted to escape the common burden, and throw upon the plaintiff the whole of it.'" *Tadych v. Horner*, 336 S.W.3d 174, 180 (Mo. App. W.D. 2011) (quoting *Arthaud v. McFerrin*, 156 S.W.2d 641, 642 (Mo. 1941)). Therefore, the attorney who brought the partition action is entitled to be compensated out of the common fund realized from the sale of the property, and absent vexatious action on the part of the defendant, the amount of those fees will be determined by work the attorney conducted for the benefit of both parties. *Id.*; *Calabrese*, 616 S.W.3d at 528. An attorney's work that benefits both parties includes "preparing the court's orders, assisting the sheriff or special commissioner to prepare the notices, advertising the sale, ensuring potential buyers for the sale, preparing the deeds and other documents after the sale, and disbursing the proceeds of the sale." *Turner v. Pence*, 514 S.W.3d 98, 109 (Mo. App. W.D. 2017) (quoting *Ward v. Ward*, 640 S.W.2d 477, 479 (Mo. App. E.D. 1982)).

In the present case, the trial court awarded both ordinary and substantial attorney's fees and ordered those fees be paid entirely by Evans. While Evans' points on appeal take issue with ordinary attorney's fees, the trial court lumped together the awards and failed to specify the amount for each award. Consequently, we cannot determine whether the trial court abused its discretion in awarding ordinary attorney's fees without the specific amount for that award. Thus, we remand for the trial court to make findings as to the amount of partition-related attorney's fees and costs

---

[2] All references are to Mo. Rev. Stat. Cum. Supp. (2022).
[3] All references are to Missouri Supreme Court Rules (2023).

for work Karstens' attorney performed for the benefit of both parties. *See Calabrese,* 616 S.W.3d at 528–29 (reversing and remanding for trial court to determine amount of partition-related attorney's fees where the trial court's award was not limited to work the respondent's attorney performed for the benefit of both parties). On remand, the trial court is directed to specify the amount to be paid to Karstens for attorney's fees out of the common fund before dividing the remaining proceeds between the parties in accordance with this opinion. *See id.* at 529.

Points I and II are granted.

B.  Point III – Substantial Attorney's Fees

In addition to awarding ordinary attorney's fees, the trial court found a substantial award of attorney's fees was warranted in this case "due to [Evans'] obstruction of the sale of the [P]roperty and the progress of the lawsuit." In Point III on appeal, Evans contends the trial court erred in awarding substantial attorney's fees to Karstens because his actions did not amount to egregious, vexatious, uncooperative, or unduly litigious behavior. We agree. We find Evans' actions relied on by the trial court did not warrant the award of substantial fees.

In a partition suit, attorney's fees are typically limited to the work that would be required in an uncontested suit. *Tadych*, 336 S.W.3d at 180. "An exception to this rule exists where the defendant is uncooperative and unduly litigious in his opposition to the partition action." *Id.* Both the trial court and Karstens relied on *Munday v. Thielecke*, 290 S.W.2d 88 (Mo. 1956) to support an award of substantial attorney's fees. In *Munday*, the Supreme Court of Missouri upheld an award of substantial attorney's fees and found the defendants in the underlying partition action were the "principal cause of making the work in [the] case very difficult and of making the case vexatious for the court and for the attorneys for plaintiff and appellant." *Id.* at 90. We find *Munday* distinguishable. In *Munday*, the appellant contested every step of the partition action and spent

6

time litigating legal issues his own attorneys advised would be of no avail. *Id.* at 91–92. Here, unlike the appellant in *Munday*, there is no indication in the record that Evans challenged matters that his counsel advised him would be unsuccessful. Further, unlike the appellant in *Munday*, who was found to be the principal cause of making the work in the case difficult, here, the case was extremely contested not only between the parties, but also between the attorneys, to such degree that the trial court expressly noted that the *personal* rancor between *both* attorneys was unusually high.

Although the parties do not cite to *Hoeper v. Liley,* we find it relevant to discuss as it provides an example of the egregious actions a party must engage in to warrant the trial court's award of substantial attorney's fees. 527 S.W.3d 151 (Mo. App. W.D. 2017). There, the court found substantial evidence supported the trial court's award of substantial attorney's fees because the appellants, the Lileys, added undue hardship to what should have been a simple partition proceeding. *Id.* at 160. The court noted that the Lileys refused to help find commissioners, failed to assist in the partition sale, and attempted to cancel a necessary pretrial hearing. *Id.* Also, the Lileys' obstructionist behavior and refusal to cooperate cost the parties $80,000 (difference between highest offer and sale price). *Id*. at 160–61. Lastly, the Lileys' unwillingness to timely respond to matters created unnecessary delays and required the Hoepers to appear before the trial court multiple times to demand action on routine matters. *Id.* at 161.

Evans' actions throughout this matter differ from the egregious and uncooperative actions of the Lileys. Here, unlike the Lileys, whose refusal to cooperate cost the parties $80,000, the record does not indicate Evans' actions cost the parties any money on the sale of the Property or caused unnecessary expenses due to any delay in the sale of the property. *See id*. at 160–61. In fact, when an offer was made, Karstens and the real estate agent deemed the Property's purchase

7

price of $400,000 fair and the sale of the Property was completed. Further, we do not find merit in Karstens' suggestion that filing a motion for an order of sale and two motions to compel for discovery warrants a substantial attorney's fees award. Unlike the Lileys, Karstens was not required to appear before the trial court to demand Evans' compliance or action on routine matters as the record indicates the motions to compel were resolved without judicial intervention. *See id*. at 161. It is noteworthy that Evans' opposition to the motion for an order of sale was the only time the trial court intervened to gain Evans' cooperation. Lastly, we consider the trial court's findings as to Evans' other actions – not making mortgage payments while continuing to accept Karstens' portion of the mortgage payments, changing the locks on the Property, remaining in the Property during showings to prospective buyers, and refusing to remove his personal property out of the Property even after closing had occurred.[4] While these actions are not condoned by this Court and could be described as petty or childish, they were not found to cause unnecessary delays or a reduction in price in the sale of the Property nor did they extend or delay the proceedings in litigating the partition action. Thus, Evans' actions do not rise to the level of egregious, vexatious, uncooperative, or unduly litigious behavior that warrants an award of substantial fees.

Accordingly, the trial court's award of any substantial attorney's fees is reversed. Because we find that Evans' actions did not amount to vexatious, uncooperative, or unduly litigious behavior, the amount of attorney's fees should only be determined by the amount of work the attorney conducted towards the partition suit for the benefit of *both* parties. *See Tadych,* 336 S.W.3d at 180.

Point III is granted.

---

[4] The issue of whether Evans owes Karstens any money for the time period he was accepting her partial mortgage payments but not making the mortgage payments was not raised in the lawsuit. Thus, this issue is not addressed by this Court.

C. Point IV – Total Award to Karstens

Evans' fourth point on appeal asserts the trial court erred in awarding Karstens a total of $38,144.47 because the award of $17,669.32 for attorney's fees is unreasonable and against the weight of the evidence for the reasons set forth in his first three points on appeal. This issue is rendered moot because we reverse and remand the trial court's judgment based on Evans' first three points. *See Walsh v. Walsh*, 184 S.W.3d 156, 158 (Mo. App. E.D. 2006) (finding appellant's remaining points on appeal were moot because those points addressed alternative arguments).

Point IV is moot.

## Conclusion

For the foregoing reasons, the trial court's award of attorney's fees is reversed and the case is remanded with directions to determine the amount of partition-related attorney fees and costs that benefited both parties.

_____

Michael S. Wright, Judge

John P. Torbitzky, P.J. and
James M. Dowd, J. concur.